No. 9733.

## MARY J. ASHBY VS. JOSEPH S. ASHBY ET ALS.

An action can only be brought by one having a real and actual interest which he pursues.

So where one claiming to be a judgment creditor of another, seeks to annul a mortgage executed by the latter in favor of his children, on the ground of fraud, and the record shows that the judgment, on which the suit is founded, is not in favor of the plaintiff, but in favor of her minor children, for whom she was tutrix, and who had obtained their majority before the action of nullity was brought, and they do not join in the action, the suit must be dismissed.

APPEAL from the Civil District Court for the Parish of Orleans. Tissot, J.

J. S. & J. T. Whitaker and Chas. S. Rice, for plaintiff and Appellee.

A. J. Lewis, for Defendants and Appellants :

The liquidation and adjudication to the surviving parent of the shares of the minors in the community may render a settlement of tutorship useless and unnecessary. In such cases there is no prescription of four or ten years. 5 Ann. 598; 21 Ann. 643; 23 Ann. 17; 25 Ann. 612; 30 Ann. 673; 34 Ann. 1041; 37 Ann. 121; 38 Ann.

The inscription of the liquidation suffices. 35 Ann. 943.

To make a mortgage fraudulent two things are necessary, the intention to defraud and actual loss; and the insolvency of the mortgagor must be brought home to the mortgagee. 4 L. 256; 18 L. 388; 2 R. 92; 4 R. 408; 24 Ann. 158; 38 Ann.

A contract in good faith cannot be annulled, though injurious to creditors. C. C. 1978, (1973); 1 R. 527; 2 R. 299; 11 R. 493, 533; 12 Ann., 429.

The constant verbal and written recognition by the father of his children's claims, is a constant interruption of prescription. 34 Ann. 752.

A mortgage is indivisible and must be annulled in toto, or not at all; therefore, all parties thereto must be legally cited. One party thereto, an absentee, cannot be brought into

court by citation upon the lawyer who had accepted the mortgage for her, but whose authority to stand in judgment for her, is neither alleged nor proved. 38 Ann. 232.

The imputation of payment by the creditor must be accepted by the debtor. 15 Ann. 526.

It must be made at the time of payment and not afterwards. 2 Ann. 24; 3 Ann. 351.

The opinion of the Court was delivered by

TODD, J. This is a suit instituted by plaintiff, claiming to be a judgment creditor of the defendant Joseph H. Ashby, to annul a mortgage executed by him in favor of his children—co-defendants—which is charged to be fraudulent and intended to secure an unjust claim against him in their favor to the prejudice of the plaintiff's rights. The defendant excepted on the ground that the petition disclosed no cause of action.

Following a vicious practice that prevails to some extent throughout the State, this exception, though determinable on the face of the papers, was referred to the merits.

The answer is in part, substantially, explanatory of the exception of no cause of action, giving specifically the facts or reasons why the plaintiff cannot maintain the suit.

From a judgment in favor of the plaintiff annulling the mortgage assailed, the defendants have taken this appeal.

It appears from the pleadings and record :

That the plaintiff has no moneyed judgment against the defendant Joseph H. Ashbey, on the faith of which she seeks the annullment of the mortgage. This judgment, which is referred to in the petition, is not a judgment in favor of the plaintiff, but one in favor of her children, to whom she was at one time tutrix.

It further appears that, when this suit of nullity was instituted, these children had attained their majority, and one of them had married, had children and died.

It is not alleged or proved that the plaintiff ever acquired from her children this judgment or any right thereto, and the parties owning the judgment are not parties to the suit, or in any manner represented therein, but the plaintiff sues alone and in her personal capacity.

It follows, therefore, that plaintiff has instituted and prosecuted a suit in which she has no personal interest whatever, and in which she does not represent the real parties in interest.

An action can only be brought by one having a real and actual interest which he pursues. C. P., Art. 15 ; Corral & Co. vs. Towboat Co., 37 Ann. 803.

It is therefore ordered, adjudged and decreed, that the judgment of the lower court be annulled, avoided and reversed, and proceeding to render such judgment as should have been rendered, it is further ordered, adjudged and decreed that the suit be dismissed at plaintiff's costs in both courts.