LAND, J.
This suit was brought on September 22, 1896, to revive a judgment rendered on January 14, 1887, in favor of I. Shlenker and against the defendant.
Citation was duly served on September 29, 1896.
Plaintiff sued as the assignee of I. Shlenker.
The intervention was filed on December 7,. 1896, and was served on the plaintiff. The inveners claimed title to the judgment by virtue of a transfer from L Shlenker under date-of June 16, 1886, and prayed to be recognized as owners and for a revival of the judgment. Defendant was not cited to answer the petition of intervention.
On April 23, 1903, the interveners filed an amended petition praying for the citation of defendant, who was duly served on May 29, 1903.
On October 19, 1903, defendant pleaded the prescription of 10 years against interveners’ demand for revival of the judgment, and subsequently answered, pleading the general issue. Defendant, for answer to plaintiff’s petition, especially denied that he had any interest in the judgment.
In the district court there was a judgment in favor of the defendant, rejecting the de'mands of plaintiff and interveners, and sustaining the plea of prescription.
This judgment was reversed in the Court of Appeal, and a decree was rendered in favor of interveners, recognizing them as-owners of the original judgment and ordering that the same be revived.
Defendant applied for a rehearing, and while his application was pending there was a change in the personnel of the judges of the Court of Appeal.
The rehearing was granted, and on the final hearing the judgment of the district court was affirmed.
In the opinion first handed down, the Court of Appeal said:
“Article 3547 of the Civil Code says: ‘Any person interested in any judgment may have the same revived at any time before it is prescribed.’ The question is, was Geisenberger interested? We think that he was. He held an-apparent title to the judgment in the shape of a written transfer and for valuable consideration and had reasons to believe himself the owner; *654 therefore he was interested and properly entitled to the suit for revival.”
In the second opinion the Court of Appeal held that the transfer of the judgment to plaintiff was a nullity, because Shlenker had already sold the judgment to interveners, and therefore the plaintiff had no real interest in the revival of the judgment ■ Plaintiff annexed to his petition a formal assignment and transfer of the judgment in question, signed by Isaac Shlenker, for the recited consideration of $200, and with full subrogation to all his rights, actions, etc.
Defendant was cited on September 29, 1896, but did not answer until the year 1903.
Defendant then pleaded that plaintiff had no interest in the judgment, and that the demand of the interveners for revival was prescribed.
The transfer to plaintiff was made in the year 1894, and vested in him an apparently legal title to the judgment.
The transfer of the judgment to interveners was lost or destroyed after the intervention was filed in 1896. The attorney who filed the pleading testified that the instrument was dated June, 1888.
It.does not follow that the first transfer was perfected as to third persons before the second.
The Civil Code provides that in the assignment of credits and other incorporeal rights “the transferee is only possessed as it regards third persons after notice has been given to the debtor of the transfer having taken place.” Article 2643.
The transfer of a judgment does not bind the judgment debtor or third persons unless it has been notified to the debtor or it is clearly shown that he has knowledge of it. Johnson & Co. v. Boice & Frellsen, 40 La. Ann. 273, 4 South. 163, 8 Am. St. Rep. 528; Dockham v. City, 26 La. Ann. 302.
The transfer to the plaintiff was notified to the defendant in 1896 by service of citation prior to the filing of the intervention, which was not served on defendant until the year 1903.
The only evidence of any previous notice to defendant of the transfer to interveners is contained in a letter of defendant to them of date March 12, 1892, in which he refers to a judgment amounting to “about $450” held by the interveners. The Shlenker judgment was for $313.84, with interest. It may be that the letter referred to this judgment, but this fact is not shown by the evidence in the record.
Defendant did not plead that previous notice had been given to him of the transfer of the judgment to interveners. Hence he was without interest to question the right of plaintiff to maintain the action of revival.
On the face of the papers plaintiff had acquired the judgment for a valuable consideration, and had the right prima facie to institute a suit for the purpose of interrupting the current of prescription.
All the claimants were before the court and defendant had no interest in the question ot ownership.
Defendant’s contention is that plaintiff is without interest because the judgment belongs to interveners, and that interveners are without interest because their demand has been prescribed.
We do not think that the first proposition is sustained by the record. Even if it had been shown that the assignment to interveners had been notified to the defendant prior to the institution of the suit, we are of opinion that plaintiff, having an apparent title to the judgment, had a sufficient interest therein to keep it alive until his rights could be determined.
It is the judicial demand which interrupts prescription, and it suffices if the plaintiff in an action of revival has any color of right or interest for himself or others.
Prescription will be interrupted by a judi *656 cial demand, though the plaintiff be non-suited on the merits or the court be without jurisdiction. The interruption inures to the benefit of all parties in interest. Flower v. O’Connor, 17 La. 219; Blanc v. Dupré, 36 La. Ann. 847.
In the case at bar, plaintiff and interveners had a common interest in the revival of the judgment, and the interveners joined plaintiff in the demand for a revival.
In the Ashby Case, the action was revocatory and the plaintiff had no interest on the face of her petition. 41 La. Ann. 102, 5 South. 539; 39 La. Ann. 105, 1 South. 282.
Plaintiff has not asked any relief at our hands, and we cannot reverse or amend the judgment so far as he is concerned.
The contention that the suit was abandoned for want of prosecution for five years was not made in the district court; but, on the contrary, the defendant waived the objection by answering to the merits.
It is therefore ordered, adjudged, and-decreed that the last judgment herein rendered by the Court of Appeal be annulled, avoided, and reversed, and it is now ordered that the first judgment rendered by said court in favor uf interveners be reinstated and affirmed, and that defendant pay the costs of this proceeding. x