(61 South. 532.)

No. 19,797.

IDDLE v. HAMLER BOILER & TANK CO.

In re HAMLER BOILER & TANK CO.

(March 3, 1913. Rehearing Denied March 31, 1913.)

*(Syllabus by the Court.)*

APPEARANCE (§ 8*)—GENERAL APPEARANCE—WAIVER OF OBJECTIONS—EXCEPTIONS.

Where a foreign corporation doing business in, but not represented in, the state was sued by one of its employés for damages for personal injuries, and appeared through counsel and excepted to the jurisdiction of the court ratione personæ, and at the same time, with reservation of the benefit of the exception, further excepted that the petition was vague, indefinite, and set forth no cause of action, and subsequently both exceptions, without objection, were tried together, and were overruled, *held*, that the exception to the jurisdiction of the court was waived by the defendant. Bank v. Walker, 130 La. 810, 58 South. 580, reaffirmed.

[Ed. Note.—For other cases, see Appearance, Cent. Dig. §§ 23–41; Dec. Dig. § 8.*]

Action by Joseph Iddle against the Hamler Boiler & Tank Company. Application by defendant for writs of certiorari and prohibition. Writs recalled, and application dismissed.

Edward Rightor and James Legendre, both of New Orleans, for relator. Robert E. O'Connor and Prentice E. Edrington, Jr., both of New Orleans, for respondent.

LAND, J. Plaintiff sued the Hamler Boiler & Tank Company, a foreign corporation, for damages for personal injuries sustained while employed by said company in the erection of certain iron tanks for the Swift Packing Company in the parish of Jefferson, state of Louisiana. The defendant was cited as a

foreign corporation, domiciled in the city of Chicago, state of Illinois, presently doing business in the state of Louisiana, through Hon. T. Michel, Secretary of State, pursuant to section 2, Act 54 of 1904.

Defendant appeared on July 11, 1911, and excepted as follows:

"Now into court comes the defendant, through undersigned counsel, solely for the purpose of excepting to. the petition of plaintiff, on the ground that the court has no jurisdiction ratione personæ.

"Reserving benefit of same and in case same is overruled, defendant excepts to the propriety of citation herein, in case both exceptions are overruled, defendant excepts that said petition is vague, indefinite, and sets forth no cause of action."

On April 24, 1912, defendant again appeared, through counsel, and further excepted to plaintiff's petition on the ground that the service of citation made in the suit was illegal and irregular, same having been made on the Assistant Secretary of State by the sheriff of the parish of East Baton Rouge, "whereas it should have been made by the sheriff of the parish of Jefferson"; and that, if the court should decree otherwise, the exceptor averred that the law under which said service was made (Act No. 54 of 1904) was unconstitutional, null, and void, as in violation of the due process of law as guaranteed by the state and federal Constitutions.

On the trial of all the exceptions, it was proved that, at the time of the filing of the suit, the defendant corporation was engaged in business in the parish of Jefferson; and that a copy of the petition and citation served on the Secretary of State was forwarded on May 11, 1911, by registered mail to defendant company at Chicago, Ill. The exceptions were overruled by the court for reasons assigned in a written opinion.

On August 19, 1912, the case was removed, on the petition of the defendant, to the United States District Court for the Eastern District of Louisiana, and on January 28, 1912, on the motion of the plaintiff, was remanded to the state court.

On February 7, 1913, the defendant filed in this court the present application for writs of certiorari and prohibition.

The respondent judge, in his return, contends that the defendant waived its exception to the jurisdiction of the court by its exception of no cause of action and other exceptions, all of which were tried together and disposed of by one judgment; citing Bank of Selma v. Walker, 130 La. 810, 58 South. 580. In that case this court, speaking through Sommerville, J., said:

"Defendant is sued through a curator ad hoc. He subsequently voluntarily appeared in court and filed an exception to the jurisdiction of the court. Afterwards he filed an exception of no cause of action. Both exceptions went to trial at the same time, and were disposed of in one judgment. The filing of the exception of no cause of action, and going to trial thereon, without first insisting that the exception to the jurisdiction be disposed of, was a waiver of the exception to the jurisdiction of the court."

In First National Bank v. Johnson, 130 La. 288, 57 South. 930, this court, speaking through Provosty, J., said:

"The rule is that an appearance to the suit, except for the purpose of objecting to the jurisdiction, or to the process of citation, subjects defendant to the jurisdiction of the court."

See, also, Andrews v. Sheehy, 125 La. 222, 51 South. 122, and authorities there cited.

It is evident that a defendant cannot logically or consistently deny the jurisdiction ratione personæ of a judicial tribunal, and at the same time invoke its action on the subject-matter of the suit.

It is unnecessary to consider other points raised in the case.

It is therefore ordered that the writs nisi herein issued be recalled, and that relator's application be dismissed, with costs.