HIBERNIA BANK & TRUST COMPANY v. J. M. DRESSER COMPANY, LTD.

(January 13, 1930. Opinion and Decree.)
(January 27, 1930. Rehearing Refused.)
(March 10, 1930. Writ of Certiorari and Review Refused by Supreme Court.)

McCloskey & Benedict; of New Orleans, attorneys for Hibernia Bank & Trust Company, plaintiff, appellee.

Lazarus, Weil & Lazarus, of New Orleans, attorneys for Elkin Moses.

HIGGINS, J. This is a contest over an expert accountant's fee of $500, which the lower court taxed as costs against the defendant in rule and the plaintiff in the main demand. There was judgment in favor of plaintiff in rule and defendant in rule has appealed.

The record shows that on June 4, 1912, the Hibernia Bank & Trust Company filed suit against J. M. Dresser under No. 99,232, of the docket of the civil district court for the parish of Orleans and obtained a judgment against the defendant therein.

During the early part of the year 1913, the Hibernia Bank & Trust Company endeavored to execute the judgment and sued J. M. Dresser Company, Ltd., alleging that the company was a mere sham and disguise for the bank's judgment debtor, J. M. Dresser. This suit is No. 100,187 of the docket of the civil district court.

On April 17, 1913, the court appointed Elkins Moses, plaintiff in rule in this proceeding, as an expert accountant to examine the books of J. M. Dresser Company,

Ltd., and on May 20, 1913, Moses submitted and filed his report in proceeding No. 100,-187, and in a letter attached to the report requested that the parties to the suit be notified and that his fee be taxed as costs.

On May 25, 1913, in this same proceeding the Hibernia Bank and Trust Company, plaintiff therein, took a rule against Mr. Moses to supplement his report and this rule was denied by the court on June 2, 1913, for want of proper parties and nothing further was done in the case by anybody until January 17, 1927, when counsel for the defendant, J. M. Dresser Company, Ltd., filed an ex parte motion to have the case No. 100,187 stricken from the docket as abandoned by plaintiff because more than five years had elapsed without any action being taken by plaintiff and an order of court dismissing plaintiff's suit at its cost was duly granted.

In May of 1927, plaintiff filed a motion to dismiss the case No. 104,724 (where the Hibernia Bank & Trust Company had filed a third suit against J. M. Dresser Company, Ltd., Louisiana Realty Company and the stockholders of each company under allegations of fraudulent simulation) as all the Dresser litigation had been compromised and settled and the order of court was entered discontinuing and dismissing plaintiff's suit at its cost.

On November 17, 1927, in the proceeding No. 100,187, Mr. Moses as an expert accountant, took a rule on both parties to fix his fee as an expert at $500 and tax it as costs covering the work performed during May of 1913.

The defenses to this rule are:

(1) That this court is without jurisdiction ratione materiæ because of the peremption (not prescription) of five years. C. C., art. 3519.

(2) That Moses' claim itself is perempted by five years, because he filed a rule to tax his costs on May 20, 1913, and took no further action therein since said date.

(3) That Moses' claim, if considered a fee for professional services, is prescribed by three years to date from the accrual of his right of action, which was May 20, 1913.

(4) That Moses' claim, if considered as a personal action, is prescribed by ten years from the accrual of his right of action, to-wit: May 20, 1913.

(5) Estoppel, and alternatively only,—

(6) The claim is excessive.

We will now consider these defenses:

Defendant in rule contends that article 3519 of the Civil Code is self-operative and governed by the law of peremption and not prescription, and that after five years have elapsed without any action, the case is considered as never having been filed and hence nothing can be decided by a court therein, and all issues are relegated to other proceedings; that the court cannot even tax costs in a dead suit and that plaintiff in rule should be required to file a separate suit, particularly where the costs are unliquidated and require the administering of an oath and documentary proof.

Article 3519 of the Revised Civil Code, as amended by Act 107 of 1898, reads as follows:

"ABANDONMENT OR DISCONTINUANCE OF SUIT. If the plaintiff in this case, after having made his demand, abandons or discontinues it, the interruption shall be considered as having never happened.

"Whenever the plaintiff having made his demand shall at any time before obtaining final judgment allow five years to elapse, without having taken any steps in the prosecution thereof, he shall be considered as having abandoned the same."

It will be observed that this language plainly provides that only the plaintiff shall be considered as having abandoned the case. We do not find any provision in the statute which says that the jurisdiction of the court will be automatically ousted for all purposes, even the court's authority to assess and tax costs in connection with the suit. Is the language broad enough to justify us in saying that the cause of action of the expert to have his fee taxed as costs in the suit in which he was appointed by the court perempts in five years? We think not. The evident purpose and intention of the legislature was to penalize a plaintiff in a suit for failure to take any steps in the prosecution of it for a period of five years. The law does not place any penalty upon any other party litigant except the plaintiff. To adopt the construction contended for by the defendant would be to penalize other party litigants in the case. For instance, the defendant, who moved the court to order the case stricken from the docket as abandoned by the plaintiff, under this law, would be forced to file a separate proceeding against the plaintiff to secure the return of the costs of court expended by the defendant. The same thing would apply to any other party litigant in the proceeding. If there were a number of experts appointed by the court they would likewise be compelled to enter separate suits against the plaintiff to obtain payment of their fees.

It is conceded that where the plaintiff voluntarily files a motion to discontinue or dismiss his suit the court retains jurisdiction over the case to tax costs and enforce their payment. We can see no logical or practical reason why the court

should be diverted of its jurisdiction to tax costs when the plaintiff abandons the case by failure to prosecute it within a period of five years, under the article of the Civil Code.

In the case of Burbanks v. Burbanks, 138 La. 997, 71 So. 134, the Supreme Court held that the purpose or idea of the statute is to hold the plaintiff responsible for the delay.

In the case of Geisenburger v. Cotten, 116 La. 651, 40 So. 929, the Supreme Court held that the defendant may waive his right to plead that the suit was abandoned for want of prosecution for five years.

The precise point at issue here appears never to have been passed upon by the Supreme Court. Neither counsel for plaintiff nor defendant have cited any case which is directly in point. We have examined the authorities cited by the defendant in rule and are of the opinion that they are not in point or controlling in this case.

We are of the opinion that article 3519 of the Civil Code as amended does not divest the court of its jurisdiction by peremption over the case for the purpose of taxing costs but that the statute merely gives the defendant tne right to have the plaintiff's suit dismissed as having been abandoned, where the plaintiff has failed to take any steps in the prosecution of the suit for a period of five years, and, for the same reasons, that Mr. Moses' claim is not perempted by five years under the article of the Code.

We pass to the question of prescription.

The record shows in both cases referred to herein that the suit was discontinued at plaintiff's cost.

The following articles are found in our Code of Practice.

Article 462. "COMPENSATION OF EXPERTS, etc. Experts, auditors, of account, and arbitrators, named in pursuance of the provisions enacted in this section, shall be entitled to receive such compensation for their services as the court may determine, according to the nature of the cause, and such compensation shall be included in the taxed costs, and shall be paid by the party cast."

Article 552. "WHAT COSTS ARE TAXED. The costs to be paid by the party cast include not only the taxed costs, but also all the expenses incurred in taking testimony by commission, and the compensation allowed for their services to such experts, auditors, or judicial arbitrators, as may have been appointed in the suit; and also the costs of copies of notarial acts, of judgment, and other copies of the records of other public officers, necessary in the case."

In the case of Central Glass Co., Ltd., v. German-American Insurance Co., 13 Orl. App. Rep., page 16, this court held:

"Experts and auditors appointed by the court in cases provided by the law are entitled to such compensation for their services as the court may determine, and such compensation forms part of the cost and must be paid by the party cast."

In the case of In re New Orleans, 19 La. Ann. 382, the Supreme Court said:

"But, still we find no exception in favor of experts, which enables them to collect their compensation before the termination of the judicial proceedings incident in such cases to the settlement of the rights of the parties. The privilege granted to clerks and sheriffs to collect their costs every six months is founded upon obvious reasons which do not apply to persons rendering isolated and casual services and who are occasionally only and pro re nata officers of the court."

The court said further:

"Compensation allowed to experts, auditors and judicial arbitrators is, by article 552, of the Code of Practice, to be paid

as well as the taxed costs, by the party cast; and this implies a delay of payment until the termination of the suit."

This was reaffirmed by the Supreme Court in the case of Lobdell v. Bushnell et al., 27 La. Ann. 394.

Counsel for the defendant in rule argues that the plaintiff's in rule cause of action arose in May, 1913, at which time he rendered his expert accountant services, and, therefore, that the claim is prescribed because the prescription was not interrupted by the suits which were pending. He cites a number of authorities and makes his argument by analogy but fails to cite any case directly in point.

Under the law, as the expert fees were to be taxed as costs against the party cast, plaintiff in rule necessarily had to wait to see which of the party litigants were ordered by the court to pay his fee as a part of the cost. Had he filed his rule against either plaintiff or defendant or both of them before the litigation was determined he would have promptly been met with an exception of prematurity on the ground that the litigation had not terminated and neither party had been cast.

The record shows that on March 1, 1916, within three years after Mr. Moses had rendered his services, he addressed a joint letter to both attorneys for plaintiff and defendant as follows:

"It is now over three years since my appointment and nearly three years since my report was completed and filed in court, and I, therefore, will be pleased to hear from you relative to the fee in this case; in other words, to whom is the bill to be presented for payment."

Receiving no reply from the attorneys of the Hibernia Bank & Trust Company, Mr. Moses addressed this further letter to Mr. Benedict on March 24, 1916:.

"Will you be kind enough to let me have a reply to my letter dated the 1st inst., addressed to your firm and regarding which I spoke to you last week when I met you in Division "B", Civil District Court?"

Thereafter, on March 27, 1916, Messrs. McCloskey & Benedict wrote to Mr. Moses as follows:

"Answering your favor of the 24th, we beg to state that the Dresser case, in which you made a report, is not yet completed, and who will owe your bill will only be determined after the final judgment. The case is being actively prosecuted and we are as anxious as you to expedite the matter."

As plaintiff in rule was compelled to wait until the litigation was terminated in order to ascertain who was the party cast and owed him his fee, it would be manifestly unjust and inequitable to say that prescription was running against him in the interim. We feel that the cause of action arose against defendant in rule when it was cast and ordered to pay the costs of court. Prescription would begin to run against plaintiff's in rule claim from that period. See Williams et al. v. Board of Levee Commissioners of Orleans Levee District, 11 La. App. —.

As both of plaintiff's suits were dismissed at plaintiff's cost on January 17, 1927, and May, 1927, respectively, and the rule to tax Mr. Moses' fee as costs was filed on November 17, 1927, we are of the opinion that it was timely filed and had not prescribed.

We next take up the question of estoppel. The record shows that Mr. Moses filed his report in the record and that plaintiff's attorneys in the main proceeding, who are

also counsel for the defendant in rule herein, filed a rule to have Mr. Moses supplement his report and Mr. Moses was placed on the stand and examined in open court by counsel. The record also shows that Mr. Moses inquired as to when he could expect payment is shown by the letters hereinabove quoted. When the cases were compromised by the plaintiff in the main demand, it was its duty to ascertain what costs of court would be due and to have these costs taken into consideration in the settlement. We do not find anything in the record upon which a plea of estoppel could be based.

This brings us to the final issue that the claim is excessive.

It appears that Mr. Moses was ex proprio motu appointed by Judge Theard, judge of the civil district court, division "E", to make an audit of the books in question. There was considerable money involved in the litigation and the matter of accounting quite involved. Mr. Moses is a certified public accountant of high standing and excellent reputation. He testified in this case, without contradiction, that the fee required by him was reasonable, just and proper. Defendant in rule offered no testimony or evidence to contradict him or to show that the fee was excessive. The judge of the lower court felt that the fee was reasonable, particularly since plaintiff in rule had been required to wait so long to secure his money and pointed out the difference in the value of a dollar in 1913 as compared to its present value. From the evidence we cannot say that the fee claimed and allowed is excessive.

For the reasons assigned the judgment appealed from is affirmed.