### KING v. ILLINOIS CENT. R. CO. et al. *
### No. 14234.

Court of Appeal of Louisiana. Orleans.
June 27, 1932.

*Rehearing denied October 3, 1932.

See, also, 15 La. App. 1, 131 So. 68.

Dart & Dart and Louis C. Guidry, all of New Orleans, for appellant.

Spencer, Gidiere, Phelps & Dunbar, of New Orleans, for appellee Texas & P. Ry. Co.

HIGGINS, J.

Plaintiff, as consignor, brings this suit against the initial and connecting carriers and the Director General of Railroads to recover the sum of $1,224 damages alleged to have been sustained as a result of the death and injury to certain cattle while in transit. The suit was filed on April 2, 1919. On January 6, 1921, on proper pleadings, the suit was dismissed as against the Director General of Railroads and the Texas & Pacific Railway, the initial carrier which was in the hands of receivers. The Illinois Central Railroad Company, the connecting carrier, filed certain exceptions, which were referred to the merits, and, on January 28, 1921, filed its answer.

On March 18, 1924, the plaintiff filed a motion entitled and reading as follows:

"Civil District Court for the Parish of Orleans

'No. 126,814                Division 'C'.
'M. D. King v. Illinois Central Railroad Co.

"On motion of Dart, Kernan & Dart, attorneys for plaintiff,

"It is ordered, that this cause be placed at foot on call docket to be fixed for trial in accordance with law."

On April 5, 1926, the plaintiff filed a supplemental and amended petition alleging that on May 14, 1924, the receivers of the Texas & Pacific Railway Company had been discharged by an order of the United States District Court in Louisiana, and that the decree discharging them and delivering the property to the Texas & Pacific Railway Company provided that the property was delivered subject to such judgments as might thereafter be rendered by the state courts against the receivers, and further that the Texas & Pacific Railway Company should defend all claims growing out of the operation and administration of the railroad by the receivers.

On June 8, 1926, the Texas & Pacific Railway Company filed a rule to show cause why the order granting plaintiff the right to file the supplemental and amended petition should not be revoked and recalled on the ground that the suit already had been dismissed against the Texas & Pacific Railway Company on January 6, 1921, under its exception of no cause of action.

On July 9, 1926, the court made the rule absolute, revoked its order, and declared the supplemental and amended petition of no effect. From this judgment the plaintiff appealed to this court. On December 1, 1930, we held that the original and supplemental petitions stated a cause of action against the receivers of the railway company and, since the suit had never been dismissed as to the receivers, but only as against the railway company, and after the termination of the receivership, the railway company, having resumed charge of its property, it was then obligated to defend the action under the order discharging the receiver and returning its property to it. The judgment recalling the order permitting the filing of the supplemental petition was reversed, and the case remanded for further proceedings. King v. Illinois Central R. Co., 15 La. App. 1, 131 So. 68.

On March 24, 1932, the Texas & Pacific Railway Company filed a rule to show cause why there should not be judgment in its favor dismissing the plaintiff's suit for want of prosecution "on the ground that the plaintiff had allowed more than five years to elapse without taking any steps in the prosecution of his demands either against the Texas & Pacific Railway Company, or the Receivers thereof, and that the plaintiff should, therefore, be considered as having abandoned the same under the provisions of article 3519, Rev. Civ. Code, as amended by Act 107 of 1898."

On April 1, 1932, the rule was made absolute in favor of the railway company and the plaintiff's suit dismissed for want of prosecution. From that judgment the plaintiff prosecutes this appeal.

The defendant contends that, as the suit was filed on April 2, 1919, and no steps were taken by the plaintiff to prosecute the demand against the receivers of the Texas & Pacific Railway Company until the filing of the supplemental petition on April 5, 1926, or about seven years after the suit had been filed, and more than five years after judgment had been rendered (January 6, 1921) dismissing the suit as to the Texas & Pacific Railway Company, article 3519, Rev. Civ. Code, was applicable, and the plaintiff's suit should be dismissed as having been abandoned.

The plaintiff contends that, as he filed a supplemental and amended petition on April 5, 1926, asking that the Texas & Pacific Railway Company be cited to appear and answer the original and supplemental petitions, seeking to hold the railway company responsible for the alleged damages, and that, as the railway company, in answer to this definite action in the prosecution of his claim, filed a

rule to show cause why the order granting the right to file the supplemental petition should not be revoked and recalled, instead of merely filing a motion to dismiss plaintiff's suit on the ground that the five-year prescription, as provided in article 3519, Rev. Civ. Code, had become effective, that the defendant thereby waived its prescriptive rights by making an appearance as to the merits of the case.

In the case of Hibernia Bank & Trust Co. v. J. M. Dresser Co., Ltd., 14 La. App. 555, 131 So. 752, this court held that article 3519, Rev. Civ. Code is not self-operative, but gives the defendant the right to file a motion to have the plaintiff's suit dismissed, where, for a period of five years after making his demand, he fails to take any steps in the prosecution thereof; the presumption being that the plaintiff has abandoned the case.

In Geisenberger v. Cotton, 116 La. 651, 40 So. 929, 930, the suit was brought on September 22, 1896, and the citation was served on defendant on September 29, 1896. On October 19, 1903, the defendant pleaded ten-year prescription as against the intervener in the case and answered the plaintiff's petition denying that the plaintiff had any interest in the judgment sought to be revived. The court said: "The contention that the suit was abandoned for want of prosecution for five years was not made in the district court; but, on the contrary, the defendant waived the objection [his prescriptive right] by answering to the merits."

In the case of Continental Supply Co. v. Fisher Oil Co., 156 La. 101, 100 So. 64, 65, the plaintiff, on June 22, 1916, sued Fisher Oil Company, as maker, and G. B. Zigler, as indorser of a certain promissory note. Zigler answered, and his codefendant did not. On April 12, 1917, the case was tried on its merits, and judgment was granted against both defendants in solido, notwithstanding no preliminary default had been entered against Fisher Oil Company.

On April 25, 1917, Zigler appealed devolutively, and, on November 30, 1919, the Fisher Oil Company answered the appeal asking to have the judgment annulled on the ground that no preliminary default had been entered against it. The Supreme Court on March 25, 1922, held that as the Fisher Oil Company had not appealed, the court was powerless to grant the relief prayed for, and affirmed the judgment of the district court. Continental Supply Co. v. Fisher Oil Co., 150 La. 890, 91 So. 287.

On May 24, 1922, the Fisher Oil Company filed a motion in the district court pleading that the note sued on was extinguished by prescriptions of four and five years and that the suit was barred by prescription of five years, as plaintiff had not taken any action in the prosecution thereof against the mover during that period of time.

On June 20, 1922, the oil company filed another motion asking for the nullity of the judgment on the ground that it was rendered without issue joined by a preliminary default and reiterated that the suit had been abandoned by inaction of the plaintiff for five years under article 3519, Rev. Civ. Code.

In reply to these pleadings the plaintiff filed an exception to the jurisdiction, pleas of estoppel, and res judicata, and a motion to strike out, contending that the oil company's appearance in the appellate court was an acquiescence in the appeal and divested the district court of further jurisdiction in the matter, that the correct procedure in an action of nullity was a direct action, and that the original judgment of the trial court, being affirmed on April 12, 1917, was res judicata. The plaintiff's pleas were overruled on December 12, 1922.

On February 19, 1923, the plaintiff, in its answer to the demand for nullity, averred that, as the plea of prescription of four and five years had been filed by the oil company, it had waived its right to claim an abandonment of the suit against it for the want of prosecution for five years. In reconvention the plaintiff prayed for judgment against the oil company for the amount of the note originally sued upon. There was judgment in favor of the plaintiff as prayed for, and the oil company appealed.

In passing upon the question of the five-year prescription under article 3519, Rev. Civ. Code, the Supreme Court said:

"In its so-called 'Demand in Nullity,' filed on June 20, 1922, said company prayed for the dismissal of plaintiff's suit on the ground that the action had abated and become barred for want of prosecution by the prescription of five years.

"Plaintiff, on the other hand, urges that the citation of defendant in the original suit had the effect of interrupting prescription on the obligation sued on until it became merged into a valid judgment, or until the suit had been declared abandoned; that the judgment in its favor, though invalid, prevented the running of the term necessary for abandonment, which remained suspended until said judgment was set aside; that the resistance offered in this court by plaintiff to defendant's attempt to reverse the judgment was an act in prosecution of the suit; and that the plea of prescription filed by defendant more than five years after the last step of prosecution by the plaintiff constituted a waiver of any right to claim an abandonment of the suit.

"It is unnecessary for us to pass upon all the points of law raised by plaintiff, since we have reached the conclusion that defendant by its plea of prescription of four and five

years to the note and cause of action, and its prayer for the dismissal of plaintiff's action, waived its right to claim the abandonment of the suit. The plea was filed under the stress of necessity created by plaintiff to prevent the entering of a preliminary default, to be followed by a judgment rendered on confirmation thereof. It was, in effect, an answer to plaintiff's demands. An answer to the merits waives the objection that the suit has been abandoned for want of prosecution for five years. Geisenberger v. Cotton, 116 La. 651, 40 So. 929."

In the case of Augusta Sugar Co., Ltd., v. Haley et al., 163 La. 814, 112 So. 731, 732, the plaintiff filed suit on October 10, 1910. On June 1, 1917, plaintiff filed a supplemental petition to amend the original petition by substituting the Merchants' & Planters' Bank as plaintiff in its stead. Defendant filed a motion to dismiss the suit as abandoned and a motion to strike out the supplemental petition as tending to change the issues. Judgment was rendered dismissing the plaintiff's suit as abandoned, and the plaintiff appealed. In affirming the judgment of the trial court, the Supreme Court said:

"We think that a step in the prosecution of a suit means something more than a mere passive effort to keep the suit on the docket of the court; it means some active measure taken by plaintiff, intended and calculated to hasten the suit to judgment. Otherwise we would have this absurd result, that every effort of a defendant to dismiss the suit would result merely in prolonging the delay within which the plaintiff must proceed with the prosecution thereof.

"And such was not the legislators' intent; for it is well known that the very purpose of the act was to put an end to the then prevailing practice of filing suit to interrupt prescription, and then letting the suit hang perpetually over the head of the defendant unless he himself should force the issue; in other words, of putting on the defendant the burden of showing that plaintiff's claim was unfounded."

It will be noted that the facts in that case, as far as the issue under discussion is concerned, are identical with the case at bar. In each case the only active step taken by the plaintiff in the prosecution of the demand was the filing of the supplemental petition. But it is to be further noted that in that case (Augusta Sugar Co. v. Haley), the Supreme Court only passed upon the issue of whether or not the filing of the supplemental petition was a step in the prosecution of the demand as contemplated by article 3519, Rev. Civ. Code, holding that it was not. The question as to whether or not coupling the motion to strike out the order granting the right to file the supplemental petition with the motion to dismiss the suit as abandoned under article 3519, Rev. Civ. Code, waived the plea of prescription was not raised by the plaintiff, and therefore was not passed upon by the court. We must assume that if that issue had been raised the Supreme Court would have followed its decisions in Geisenberger v. Cotton and Continental Supply Company v. Fisher Oil Company, supra. We therefore feel that we are obliged to follow the holding of these two cases, where the question of waiver of the plea of prescription was directly passed upon, rather than the case of Augusta Sugar Company, Ltd., v. Haley, where the point was not raised.

But it is said that in those two cases the defendant coupled with the motion invoking the five-year prescription of abandonment a plea to the merits; in the Geisenberger v. Cotton Case an answer having been filed by the defendant, and in Continental Supply Company v. Fisher Oil Company a plea of prescription having been filed by the defendant. It is further said that the motion and rule taken by the defendant on June 9, 1926, in this case, was simply for the purpose of having the order granting the right to file the supplemental petition revoked, and therefore was not an appearance to the merits. We find ourselves unable to agree with this contention because the motion and rule set forth, as the reason why the court should strike out the order granting the right to file the supplemental petition, the fact that the court had sustained the defendant's exception of no cause of action on January 6, 1921. The motion and order to strike out was founded, therefore, upon the original exception of no cause of action, which is certainly a plea to the merits.

In Iddle v. Hamler Boiler & Tank Co., 132 La. 476, 61 So. 532, the plaintiff sued a foreign corporation for damages for personal injuries, and the defendant filed the following exceptions:

"Now into court comes the defendant, through undersigned counsel, solely for the purpose of excepting to the petition of plaintiff, on the ground that the court has no jurisdiction ratione personæ.

"Reserving benefit of same and in case same is overruled, defendant excepts to the propriety of citation herein, in case both exceptions are overruled, defendant excepts that said petition is vague, indefinite, and sets forth no cause of action."

The trial judge overruled the exceptions to the jurisdiction of the court and of improper citation on the ground that the defendant waived those exceptions by filing an exception of no cause of action, although they were pleaded in the alternative. In affirming the judgment of the lower court, the Supreme Court said: "It is evident that a defendant cannot logically or consistently deny the ju-

risdiction ratione personæ of a judicial tribunal, and at the same time invoke its action on the subject-matter of the suit."

The court quoted with approval from the case of First National Bank v. Johnson, 130 La. 288, 57 So. 930, 931, the following language: "The rule is that an appearance to the suit, except for the purpose of objecting to the jurisdiction, or to the process or citation, subjects defendant to the jurisdiction of the court"—and cited Andrews v. Sheehy, 125 La. 222, 51 So. 122, and authorities there cited.

Now it appears to us that the Supreme Court, in Geisenberger v. Cotton and Continental Supply Company v. Fisher Oil Company, supra, applied the same line of reasoning to the provisions of article 3519, Rev. Civ. Code, with reference to the five-year prescription of abandonment, namely, that, where the defendant wishes to avail himself of the provisions of article 3519, the plaintiff, having failed within five years after demand to take any active steps in the prosecution of the case, he must file his motion for that purpose only, and not couple with it any plea to the merits of the suit; otherwise the defendant will be considered as having waived his rights under the five-year prescriptive period.

We conclude that in the instant case defendant has waived its rights under article 3519, Rev. Civ. Code, by having coupled with the plea of abandonment a plea to the merits of the plaintiff's demand.

The plaintiff has also contended that the motion to set the case for trial, which he filed on March 17, 1924, was an active step in the prosecution of his demand; and he further filed a plea of res judicata, but, in view of what we have said on the subject of waiver by the defendant, it is not necessary to consider those issues.

For the reasons assigned, the judgment appealed from is annulled, avoided, and reversed, and it is now ordered, adjudged, and decreed that this case be remanded for further proceedings according to law and not inconsistent with the views herein expressed.

Reversed and remanded.

JANVIER, J. (dissenting).

I cannot concur in the opinion of my associates that the right to dismiss this suit for want of prosecution for five years has been waived by the motion to revoke the order granting permission to file the supplemental petition.

I deem it advisable to set forth in chronological order the pleadings filed and actions had thereon. The suit was filed on April 2, 1919. On January 6, 1921, on exception of no cause of action, the suit was dismissed as against the Texas & Pacific Railway Company. It is evident that, at that time, neither plaintiff nor his counsel believed that the receivers of the Texas & Pacific Railway were parties to the suit, because, when counsel for plaintiff, on March 18, 1924, fixed the case for trial, the motion to fix made no mention of any defendant other than Illinois Central Railroad Company, and, although no appearance had been made on behalf of the receivers, no default had been entered against them.

So far, then, as the Texas & Pacific Railway Company, or as the receivers were concerned, the matter lay without the slightest attempt at prosecution until April 5, 1926, on which day plaintiff filed a supplemental petition again seeking to hold the Texas & Pacific Railway Company.

Therefore, from January 6, 1921, at which time the original petition was dismissed as against the Texas & Pacific Railway, until April 5, 1926, at which time the supplemental petition was filed, no step in the prosecution was had, and this period exceeded by some months the pre-emption period of five years.

I believe that my associates agree that, at that time, had defendant moved for the dismissal for want of prosecution, the motion would necessarily have prevailed.

But it is said that, in filing the motion to revoke the order permitting the filing of the supplemental petition, defendant waived its right to now ask for dismissal for want of prosecution.

I do not believe that the action of defendant can be considered as a waiver, because in no sense can that motion be treated as an appearance or answer to the merits, or with relation thereto.

It is necessary to inquire into the question which was raised by that motion because I concede that, if it raised any question relative to the merits, then it constituted a waiver; but not otherwise. Originally the suit on exception was dismissed as against the Texas & Pacific Railway Company because of the fact that the property of that corporation was in the hands of and was being operated by receivers. Later, when the receivers were discharged on May 14, 1924, an order was rendered delivering back to the corporation the property, and in that order it was provided that the corporation should defend all suits pending against the receivers. It was under this order that the supplemental petition was filed, and by the supplemental petition plaintiff asserted that he was entitled to continue against the corporation the prosecution of the suit, which he asserted was pending against the receivers. In other words, he conceded that originally he did not have a cause of action directly against the corporation because, at the time of the act complained of, the property

of the corporation was not being operated by it, but by receivers, but by the supplemental petition he maintained that he had at all times had and had asserted a cause of action against the receivers, and that under the order discharging the receivers he was given the right to continue against the corporation the suit which, up to that time, had been pending against the receivers.

What issue, then, was raised by defendant's motion to revoke the order granting the right to file this supplemental petition? This motion to strike out the supplemental petition is treated in the majority opinion as though it were an exception of no cause of action. But it is not such an exception, being merely a motion calling to the attention of the court the fact that previously an exception of no cause of action had been maintained. When the matter of striking out the supplemental petition was argued before the district court and when it was argued before us, no question presented by an exception of no cause of action was raised. Counsel for plaintiff admitted that the exception of no cause of action had been maintained and that plaintiff had no cause of action directly against the corporation, but he asserted that the cause of action against the corporation came to plaintiff through the receivers. In answer to this contention counsel for defendant argued that there had never been any suit pending against the receivers because no citation had ever been served on the receivers.

It was only the question of whether the receivers had ever been made parties defendant and whether there had ever been any suit pending against them which was presented on the motion to strike out the supplemental petition.

The opinion rendered by this court shows plainly that defendant's contention was that the receivers had never been served with citation and with copies of the original petition and that no judgment had ever been prayed for against them and that therefore there was, in fact, no suit pending against them. No question even remotely associated with the merits of the controversy was raised. To state the matter differently, the supplemental petition asserted a right to sue the corporation because of the obligation placed upon it by inheritance from the receivers. The motion to revoke and to strike out the supplemental petition denied that any claim was pending against the receivers. It raised no other question. The whole controversy considered by us is stated in the following language in our opinion: "Counsel for appellant contend that in maintaining the exception of no cause of action filed by the Texas & Pacific Railway Company his suit was dismissed as to that company, but that since the service of citation was made upon the receivers and no answer or appearance was made in behalf of the receivers, his cause of action as to the receivers has not been affected for the reason that the supplemental petition set up a cause of action against the receivers judicially charged with the defense of this suit, and that no appearance having been made on behalf of the receivers and no judgment of court dismissing them having been rendered, his claim is still good and enforceable as against their successor." King v. Illinois Cent. R. Co. et al., 15 La. App. 1, 131 So. 68, 69.

When this court held that, although citation had not been served on the receivers, nevertheless the suit had at all times been pending against those receivers, it was then time enough to assert that, if that were true and there was a suit pending, then that suit had been pending without prosecution for more than five years.

The several cases cited by my associates hold no more than that an appearance to contest a question involving or relating to the merits waives the right to dismiss for want of prosecution.

In Geisenberger v. Cotton, 116 La. 651, 40 So. 929, 930, the Supreme Court said: " * * * The defendant waived the objection [his prescriptive right] by answering to the merits."

The entire question presented in Continental Supply Co. v. Fisher Oil Co., 150 La. 890, 91 So. 287, was summarized by the Supreme Court in these words: "An answer to the merits waives the objection that the suit has been abandoned for want of prosecution for five years."

It is said that there should be applied, in a situation of this kind, the same reasoning on which is based such decisions as that rendered in First National Bank v. Johnson, 130 La. 288, 57 So. 930, 931, in which is found the following: "The rule is that an appearance to the suit, except for the purpose of objecting to the jurisdiction, or to the process or citation, subjects defendant to the jurisdiction of the court."

The same rule, differently stated, is found in Iddle v. Hamler Boiler & Tank Co., 132 La. 476, 61 So. 532, 533, in which a defendant coupled with a plea to the jurisdiction alternative exceptions of vagueness and of no cause of action. In that case the court said: "It is evident that a defendant cannot logically or consistently deny the jurisdiction ratione personæ of a judicial tribunal, and at the same time invoke its action on the subject-matter of the suit."

The reasoning of those cases is authority for defendant's position here. It denied that there was any suit pending. How, then, could it couple with that denial an affirmative charge that the suit had been pending without prosecution for more than five years?

It could not assert its right to a dismissal

for want of prosecution until it had been decided that there was actually a suit pending.

The wisdom of permitting the dismissal of suits for want of prosecution for five years could not be better illustrated than by this case. Here the suit was filed more than thirteen years ago. During practically all of that time no effort was made to prosecute it against either the receivers or the corporation. It is a suit (against a carrier for damage to goods in transit) under which the burden is placed on the carrier to disprove negligence. It may well be that the records have been lost, and it is almost certain that some of the witnesses have left the employ of defendants, or have died, and it would impose upon such defendant a manifestly unreasonable hardship to require it to make defense now, since, for more than thirteen years, no serious effort was made to prosecute the suit, and, for more than five years, no effort at all was exerted.

I respectfully dissent.