TALIAFERRO, Judge.
As'a decision o.f the questions involved in these two cases depends upon an interpretation of Act No. 39 of 1932 in conjunction with Art. 3547 of the Civil Code, they were, consolidated for argument and decision in this Court.
*528 On November 24,' 1928, judgment was rendered and signed by the Judge of the Tenth Judicial District Court of Louisiana, in favor of J. H. Blanchard, and against Moody Smith, for $1,102.22. The judgment was not paid in whole or part, and on November 23, 1938, Blanchard filed suit in said Court to have the judgment revived. However, citation thereon did not issue until March 10, 1939. It, with copy of petition, was served on Smith on March 22, 1939. He made no appearance. Judgment of revival was signed May 10, 1939.
Moody Smith, the defendant, according to the record, died intestate and without issue or forced heirs, on August 20, 1947. He left a widow, Merdas Smith, who is his sole heir.
On February 19, 1949, Blanchard instituted suit to again have the judgment revived. . Merdas Smith, as surviving widow and sole legal heir of the deceased judgment debtor, was impleaded as defendant. This demand was met by a plea of peremption. It is predicated upon the contention that the judgment of revival of May 10, 1939, is absolutely null, void and of no effect ab initio because it was based upon a citation issued and served more than ten years after the .original judgment was signed by the Court, and which had, therefore, ceased to exist as a judgment.
The plea was sustained and judgment dismissing the suit was signed on November 21, 1949. Plaintiff appealed. This is suit No. 7481 on the docket of this Court.
On July 9, 1949, Blanchard caused execution to issue on the judgment and thereunder was seized the homestead in Natchi-toches Parish, owned and occupied by the deceased and his said wife at date of his death. To arrest sale of the seized property Merdas Smith applied for preliminary injunction, and attacked the validity of the judgment (under which the writ issued) on the ground that it had prescribed prior to the date of service in the revival- suit. There was judgment for the plaintiff in this injunction suit as by her prayed. Defendant in injunction appealed. .This suit carries No. .7482 on docket of this Court.
Solution of the question tendered in each case turns upon whether the laws relative to interruption of the current of prescription liberandi causa, or those pertinent to the peremption of rights and causes of action apply, although the appellee advanced as a defense peremption in one case and prescription in the other. The Lower Court, in written reasons for judgment, in the injunction suit decided that the judgment had perempted, and ruled likewise in the other case.
Prior to the adoption of Act No. 274 of 1853, money judgments were imprescripti-ble. This act, while fixing the life of such a judgment at ten years from rendition, also prescribes the method by which the judgment’s life could be extended. It was embodied in the Civil Code of 1870 as Article 3547, and, so far as necessary to this discussion, reads: “Provided, however, that any party interested in any judgment may have the same revived at any time before it is prescribed, by having a citation issued according to law, to the defendant or his representative, from the court which rendered the judgment, unless defendant or his representative show good cause why the judgment should not be revived * *
Each revival continues the life of a judgment for ten years. This article of the Code was amended by Act No. 278 of 1936 and again by Act No. 73 of Í942, but neither amendment changed the part quoted above.
Act No. 39 of 1932 worked radical changes with respect to the interruption of prescription of causes of action sought to be enforced judicially. It provides: “That the filing of a suit in a court of competent jurisdiction shall interrupt all prescriptions affecting the cause of action therein sued upon, against all defendants, including minors and interdicts.”
The method for reviving a money judgment prescribed in Article 3547 of the Civil Code is exclusive. In this respect this, the highest form of liquidated indebtedness, is entirely in' a class to itself. There is no other way to prevent its extinction. See: Fritz Jahncke, Inc., v. Fi *529 deiity Deposit Company of Maryland et al., 172 La. 704, 135 So. 32; Bailey v. Louisiana & Northwest Railway Company et al., 159 La. 576, 105 So. 626.
And an action to revive is not a new suit, but a part of the original suit. See: Scherrer v. Caneza, Sheriff, et al., 33 La.Ann. 314; Jaubert Bros., Inc., v. Landry La.App., 15 So.2d 158.
It is argued - by appellant’s counsel that even though it be conceded that prescription was not interrupted by the filing of the first suit to revive, and, further, in order to accomplish interruption, service of citation and petition had to be made within the ten year period, all this has become immaterial and moot in view of the fact that service was actually made on the judgment debtor (although after the ten year period had elapsed) and he did not plead the prescription prior to.judgment of revival being rendered against him, and signed.
This position is well founded if the laws relative to prescription apply. Whether or not a debtor wishes to avail himself of the benefit of an accrued prescription, in a given case, is a matter that addresses itself to him personally. A court is without authority to supply on a debtor’s behalf such a plea. Civil Code, Article 3463. And when the debtor allows judgment to go against him without tendering the plea, and the time for appealing has expired, the door is thereafter closed against him doing so. Code of Practice, Article 346.
But the appellee argues and contends that the 1932 act has no application to this sort of case, because its purview is general, whereas Article 3547 is special in its operative effect and must be followed literally. Pursuing this premise, it is argued that said article specifically ordains the steps that must be followed as a condition precedent to procuring a judgment of revival, viz.:. that citation isme prior to the expiration of the primary ten year period, which was .not done in this cuse.
It is further argued on appellee’s behalf' that since Act No. 39 of. 1932 does not apply, and the imperative requirements of said codal article .were not followed prior to the expiration o'f the primary period of ten years, the judgment perempted, ceased to exist, and that issuance of citation and service upon the judgment debtor thereafter was wholly abortive of any legal effect or result. To support by analogy this argument, it is said that a judgment, like a conventional mortgage, when barred by the statute of limitations, perempts, but does not, strictly speaking, prescribe.
Article 3547 of the Civil Code is one of four that fall under the title “Of The Prescription of Ten Years”. Evidently the framers of the Civil Code and the Legislature that adopted it, believed, by the incorporation of this article therein, a prescription of ten years as to money judgment was thereby established. Had not provision been made for revival of such judgments, their life would have been at a definite end at the expiration of the ten year period.
What was meant and intended by the words “by having a citation issued according to law”, was that the citation should issue upon a petition for revival, and be served with copy, of the petition as in other suits. As the law was, until the passage of the Act of 1932, service of the petition and citation must have been made before the expiration of the primary ten year period or else the judgment would become extinguished by prescription. At that time the simple act of issuing a citation (which could be done only after the filing of the petition) without following same by service, would have been without effect as a means of extending the life of the judgment beyond the ten year period.
In the case of Geisenberger v. Cotton, 116 La. 651, 40 So. 929, 930, which involved the revival of a judgment, the Court said:
“It is the judicial demand which interrupts prescription, and it suffices if the plaintiff in an action of revival has any color of right or interest for himself or others. • •
“Prescription will be interrupted by a judicial demand, though the plaintiff be nonsuited on the merits or the court be without jurisdiction. The interruption inures to the benefit of all parties in interest. Flower v. O’Connor, 17 La. 213, 219; Blanc v. Dupre, 36 La.Ann. 847.”
*530 Attention has been called to the language of the 1932 act which says that the filing of suit “shall interrupt all prescriptions affecting the cause of action therein sued upon”, from which it is argued that this has reference only to the obligation which originally formed the basis of the suit; that thereafter this cause of action passed out of the picture and left nothing (no cause of action) for prescription to operate against. We think this argument without solid foundation. The right conferred upon the judgment creditor by the Code to keep alive his judgment by following a well-defined procedure is as much a cause of action as was the right to petition the court for judgment on the original obligation. It is true the original obligation ceased to exist, but a new form of one came into existence by court action.
We do not concur in the contention that the 1932 Act, because of its general character, does not apply to an action to revive a judgment!
Prior to the passage of the 1932 Act, when a suit of any character was filed with the Clerk of Court, it wás his duty, as now, to immediately prepare a copy of the petition, issue citation to the defendant and deliver both to the Sheriff for service. Service of one without service of the other produced no legal effect, and until legal service of both the current of prescription on the obligation forming the suit’s basis, was not interrupted. This is the course intended by the codal article, the difference, of course, being that now the failure of either officer to perform his ministerial duty will not unfavorably affect the plaintiff since he has by filing suit with the proper officer, done all that the law requires of him to preserve his rights.
There are many cases in the jurisprudence of this state wherein revival of a judgment is sought. Invariably, the time element mentioned in them is denominated prescription and not peremption. Analogous to this discussion is Stroud v. Standard Oil Company of New Jersey, La.App., 41 So.2d 539.
In Fritz Jahncke, Inc., v. Fidelity Deposit Company of Maryland et al., supra, it was held, as reflected from the syllabus, to-wit: “Only [way] judgment creditor may prevent * * * judgment from prescribing * * * is by filing suit to revive * * * before [judgment] is prescribed. (Civ.Code, art. 3547).”
Therefore, for the reasons herein assigned, the judgment in case No. 7481, on the docket of this Court, being No. 26,922 on the docket of the lower court, appealed from, be and the same is hereby annulled, avoided and reversed.
It is further ordered, adjudged and decreed that there be judgment herein in fav- or of the plaintiff, J. H. Blanchard, and against the defendant, Merdas Smith, reviving the judgment first rendered against Moody Smith, and signed on the 24th day of November, 1928, by the Honorable J. F. Stephens, Judge of the Tenth Judicial District court of Natchitoches Parish', as revived by judgment of said Court on May 10, 1939, in the following words and figures, to-wit:
“It is ordered, adjudged and decreed that there be judgment herein in favor of plaintiff, J. H. Blanchard, and against the Defendant Moody Smith, in the full sum of Eleven Hundred and Two and 22/100 Dollars ($1,102.22) with five per cent interest per annum from June 16th, 1928 until paid, and all of cost of this suit.
“Thus rendered and read and signed in open court ,on this 24th day of November 1928.
“/s/ Judge J. F. Stephens
“Tenth Judicial District Court.”-
And giving to said judgment, as revived hereby, full force and effect for ten years from-date of finality of this decree.
It is further ordered that defendant Mer-das Smith pay all costs of suit.
And in suit No. 7482, on the docket of this Court, being No. 27,094% on the docket of the lower Court, for the reasons herein assigned, the judgment appealed from is annulled, avoided' and reversed. There is now judgment in favor of the defendant, J. H. Blanchard, and against the plaintiff, Merdas Smith, dissolving the preliminary writ of injunction issued herein and dismissing the suit at appellee’s cost.