REGAN, Judge.
This is an appeal by the plaintiff, Fred Shields, from a judgment in favor of the defendant, Southport Petroleum Corporation of Delaware, dismissing his suit for failure to take any steps in the prosecution thereof for a period of five years.
This suit was filed by the plaintiff on April 6, 1942. ^Thereafter several supplemental petitions were filed by the plaintiff and an effort was made to place the case on the trial docket, although the defendant had not appeared herein in response to the demands of the plaintiff. On September 9, 1952, plaintiff’s original counsel withdrew from the case and, on September 15, 1952, he retained present counsel. On the same date, the defendant, through counsel, initially appeared herein and filed a motion asserting that this case “has been pending before this * * * Court for over ten years and that the evidence and witnesses of defendant * * * have become widely scattered * * *; it will be necessary for * * * defendant to bring from Texas voluminous records and numerous witnesses; * * * defendant estimates that it,will cost at least $2,500 * * *” to properly present its defense and, therefore, a bond in the amount of $2,500 should be furnished by the plaintiff. This motion was tried and submitted to the court and, on the same day, September 15, 1952, plaintiff was ordered to post a bond for security of costs in the amount of $500., However, before bond was actually posted the defendant, on September 18, 1952, filed another motion requesting that this suit be dismissed for the reason that the plaintiff has permitted more than five years to elapse without having take any steps in the prosecution hereof. On September 18, 1952, the lower court dismissed plaintiff’s suit and, upon being notified of this action, the plaintiff, on September 24, 1952, filed a rule, the essence of which was to order the defendant to show cause why the judgment of dismissal should not be set aside. The rule was 'tried in February of 1953 and, on September 25, 1953, the court reaffirmed its judgment of dismissal.
Defendant insists that the decree of the lower court dismissing plaintiff’s suit for lack of prosecution for five years is correct and should be affirmed. To lend legal substance thereto, defendant points to the specific provisions of LSA-Civil Code Article 3519 which read:—
*203 “If the plaintiff in this case, after having made his demand, abandons or discontinues it, the interruption shall be considered as having never happened.
“Whenever the plaintiff having made his demand shall at any time before obtaining final judgment allow five years to elapse without having taken any steps in the prosecution thereof, he shall be considered as having abandoned the same.”
Plaintiff, on the other hand, asserts that while he is fully cognizant of the ordinary effect of the foregoing article of the Civil Code, and of the interpretation placed thereon by the jurisprudence, he insists that it is inapplicable to the facts herein for the reason that the defendant took an affirmative step in the prosecution of the case on September 15, 1952, when it requested the court to order plaintiff to post a bond as security for court costs in the amount of $2,500 and that, therefore, the defendant waived its right to plead the five year prescriptive period provided in Article 3519 of the LSA-Civil Code.
In view of the pleading and the foregoing facts the only question which is posed for our consideration is whether the defendant by filing a motion requesting the court to order the plaintiff to post bond for costs waived its right to invoke the militant provisions of LSA-Civil Code Article 3519?
The second paragraph of LSA-Civil Code Article 3519 was added thereto by virtue of the enactment of Act No. 107 of 1898 for the precise purpose of terminating the evils which resulted from failure to prosecute suits and since that time the courts of this state have consistently expressed the opinion that a plaintiff is considered as having abandoned his suit if he allows five years to elapse at any time between the assertion of his demand and the rendering of final judgment without having taken any steps in the prosecution of the claim. The courts have likewise held, in antithesis to the foregoing, that a defendant can, by definite action on his part, “waive” the abandonment resulting from plaintiff’s failure to prosecute his suit for a period of five years.
In King v. Illinois Central Railroad Co., La.App., 1932, 143 So. 95 it was held, that the defendant waived its right under this article to have the suit dismissed for non-prosecution by coupling a plea to the merits with a plea of abandonment. In view thereof, the defendant must file his motion to dismiss for that purpose alone, and if he couples with it any plea to the merits of the case he will be considered as having waived his objection of prescription. Geisenberger v. Cotton, 1906, 116 La. 651, 40 So. 929; Continental Supply Co. v. Fisher Oil Co., 1924, 156 La. 101, 100 So. 64. Thus it has been held that the defendant waives his right to plead- an abandonment of the suit when he adds to his prayer for dismissal pleas of prescription on a promissory note and the cause of action arising on it. Continental Supply Co. v. Fisher Oil Co., supra. Likewise, where the defendant, instead of entering only a motion to dismiss the plaintiff’s suit under Article 3519, couples with it a rule to show cause why the order granting the right to file a supplemental petition should not be revoked and recalled, the plea of abandonment is thereby waived. See 13 Tulane Law Review 641, 22 Tulane Law Review 504.
We are of the opinion that when the defendant, on September 15, 1952, filed a motion requesting that the court order plaintiff to post a bond for costs, it expressed a willingness to proceed with the trial and took an affirmative step in the prosecution thereof and thus waived its right to invoke the plea of abandonment contained in the second paragraph of LSA-Civil Code Article 3519.
For the reasons assigned the judgment appealed from is annulled, avoided and reversed and it is now ordered that this cause be remanded to the Twenty-Fourth Judicial District Court for the Parish of Jefferson for trial on the merits.
Reversed and remanded.