No. 763.—CHARLES THOMPSON *v.* CLEOPHAS COMEAU, Administrator, et al.

The district court has jurisdiction of a cause against a succession if the amount exceeds five hundred dollars, and also to declare that the vendor's lien exists on the property sold to the deceased. But in the settlement of the succession the parish court is not divested of its jurisdiction by such judgment.

The vendor's privilege is not required to be recorded as between the parties to the act. If, therefore, in a suit to enforce the lien there are no third parties who are affected, the fact of non-registry will not avail the defendant.

APPEAL from the Eighth Judicial District Court, parish of St. Landry. *King,* J. *Martel & Hudspeth,* for plaintiff and appellee. *H. L. Garland,* for defendants and appellants.

HOWE, J. The district court, in our opinion, had jurisdiction of this case, both to give judgment against the succession for the demand, which exceeded $500, and to declare that for a part of the demand a vendor's privilege existed on the property sold by plaintiff to the deceased, and which was in his possession at the time of his death, and on the proceeds which were in the hands of the defendant, administrator.

Such a judgment will not prevent the parish court from "settling" the succession according to article 87 of the Constitution, and ranking the claims.

The vendor's privilege in this case was not recorded, and did not require to be recorded as between the parties to the sale, and they are, in strictness, the only parties before the court. It does not appear that

there are any third persons, creditors of the succession, as against whom a registry was essential. Such may, however, exist, and they should not be prejudiced by this judgment. It is therefore deemed proper to amend the decree in this regard. The trivial error in the amount of credits given by the judge *a quo* (if it does not fall under the rule "*de minimis*") should have been corrected by an application to him on the part of the defendants' counsel.

It is therefore ordered that the judgment appealed from be amended by reserving the rights of the creditors of Jacob Anselm, deceased, if any there be, to oppose the privilege of plaintiff in the settlement of the succession; that, as thus amended, the judgment be affirmed.