## No. 12,001.

### LOUISE M. DELOGNY VS. HER CREDITORS.

A long settled account, made the basis and consideration of a mortgage, given in due form will not be opened and disturbed, unless upon clear and positive evidence that the error was owing to misrepresentation and fraud. If there was error in the settlement (resulting from the failure to properly examine an account), the mortgage given some time prior to the declaration in insolvency remains as a binding obligation; also, the notes identified with the act of mortgage. (This rule applies to the amount acknowledged by the debtor as due for advances made prior to giving the mortgage; as to advances "to be made," covered by the terms of the mortgage, the debtor is not concluded from pleading the illegality of the charges.

No actual delivery of the bounty of the government was ever made by the pledgor to the pledgee. Without delivery there was no pledge.

The provisional syndic is entitled, for his trouble and services, to one per cent. on the appraised value of the property.

The syndic is entitled to a commission on the proceeds of the sale of the mortgaged property, though purchased by the mortgagee, who retained the price in satisfaction of his mortgage.

All mortgages (save those excepted by law) must be recorded, and their inscription renewed before the expiration of ten years; otherwise their effect ceases even between the parties.

APPEAL from the Twentieth Judicial District Court for the Parish of St. James. *Guion, J.*

---

*Albert Voorhies* for Plaintiff, for Mrs. W. E. Brickell, and *W. F. Kirchoff*, syndic and individually, Opponent, Appellant.

---

*Harry H. Hall* for J. H. Laws & Co., Defendants, Appellees.

Argued and submitted January 11, 1896.
Opinion handed down February 10, 1896.
Rehearing refused March 9, 1896.

The opinion of the court was delivered by

BREAUX, J.   The syndic of the plaintiff insolvent filed his final account.

The insolvent opposed the account; also John H. Laws & Co. and other creditors.

The former alleges, in her opposition, that the claim of John H. Laws & Co. consists of usurious interest and commissions.   The schedule annexed to the petition for surrender in insolvency shows. an indebtedness of $20,299.26, by the insolvent to that firm.

This indebtedness, the insolvent, in her affidavit to the schedule, declared was open to inquiry and objections.

Subsequently the insolvent was discharged from her debts and liabilities.   She avers that she has the right to oppose claims against her estate; because of her interest in the *residuum*.

Douradon Guidry and other creditors oppose the claim of John H. Laws & Co. and alleged that they (Laws & Co.) are creditors, on open account, as commission merchants for advances for the years 1887 to 1894; that there are many items of the account not due for commissions and interest, and that they are not pledgees of the bounty of the government.

John H. Laws & Co., appellees, apply to amend the judgment by reducing the commissions allowed to the provisional syndic; by reducing the commissions allowed to the regular syndic; by reducing the amount allowed Mrs. W. E. Brickell from $18,000 to $9000.

The judgment orders the syndic to pay the claims secured by privileges, and that the balance, after that payment, be paid by him to Laws & Co. and Mrs. W. E. Brickell, mortgage creditors of the insolvent, by first applying to the payment or partial extinguishment. of the claim of Laws & Co., the sum of six thousand one hundred and fifty-nine dollars and twenty-four cents, being the amount of bounty collected from the government, and thereafter by applying the remainder in paying these creditors *pro rata*.

From this judgment Mrs. Brickell appealed, also other creditors.
We do not set forth all the grounds in the different oppositions.

We deem it sufficient to state that the issues raised by the pleadings cover the questions we are to decide.

The remaining facts of the record are stated in deciding the different issues.

The first issue raised is in regard to the claim of John H. Laws & Co. The facts are, that in the act of mortgage in their favor dated March 4, 1893, Mrs. Delogny, the mortgagor, solemnly declared that her indebtedness at that time amounted to eleven thousand five hundred dollars, and she, in addition, by the act, secured a loan to be made of twelve thousand and five hundred dollars.

The act made provision for the discount of the notes, identified with the mortgage, and for $2\frac{1}{2}$ per cent. for endorsing and negotiating the notes.

In another paragraph of the mortgage the mortgagee pledged the bounty granted by the government.

As to the amount first mentioned, to wit, eleven thousand five hundred dollars, the mortgagor must be held. Settlements fixing balances included in mortgages are contracts. They are in their nature, to an extent, at least, compromises. To open a long settled account, the evidence must be clear and positive. The Code defines error of fact as that error which proceeds either from ignorance of that which really exists, or from a mistaken belief in the existence of that which has none. C. C. 1821.

Doubtful testimony or testimony in its character probable is not sufficient to open a long settled account which has passed into a mortgage in the absence of mispresentation, deceit, or fraud. Not only the debtor had the means of knowledge, but the statement rendered prior to the mortgage mentioned every item. It was rendered to her in due time and presumably was considered before giving the act of mortgage to secure balance due. Since 1887, each year, these settlements were made, and the debtor assented to the charges for interest and discount for which she subsequently gave a mortgage. The court is without authority to grant relief against the alleged mistake; " it will not assist a man whose condition is attributable to that want of due diligence which may be fairly expected from a reasonable person." Kerr on Fraud. and Mistake, 407; 3 Jones Eq. 178.

Research does not result in discovering any precedent for setting aside a mortgage or decreeing as not due any part of a mortgage on the ground here alleged.

She could, under the terms of the statute relating to the capitalization, consent to make notes for the amount and interest in excess of eight per cent. and give a mortgage for the security of their payment.

They, in the absence of error or fraud, established the consent the statute declares is binding.

This applies exclusively to the mortgage and notes. We do not think that we are authorized to extend the rule so as to include the account showing amounts advanced since March 4, 1893, the date of the last mortgage. These amounts are not protected by notes and mortgages.

In a well considered case, upon the subject, this court decided that an acquiescence in an account containing illegal charges will not estop the debtor from pleading their illegality, and that in regard to commissions for discount; where the factor has made advances to the planter from his own resources, all charges for negotiations, discounts and commissions, if charged in addition to eight per cent. per annum, are illegal.   Koane vs. Branden, 12 An. 20.

These charges are unprotected by a mortgage or attempt at capitalization since they were made.

Relative to endorsement and discount, the paper was never endorsed or discounted, nor was there at any time proceeds, as in case of discount, placed to the credit of the maker of the note.

The notes were not negotiated; the funds advanced were raised by the mortgagees from their own resources.

While it is true, as urged, that the mortgagor, Mrs. Delogny, obtained the advances, and that endorsement was not necessary for the reason that the notes were transferred by delivery, none the less they were not endorsed and no advances were obtained by endorsement. The debtor had the right to stipulate for special endorsement. It may, in certain contingencies, prove a protection to the borrower's interest; moreover, it was the contract, and in the absence of compliance it must be disallowed.

This brings us to the interest account on amounts advamced subsequent to March 4, 1893, upon the mortgage of that date.

On the credit side the interest on the proceeds of the crop was properly calculated from November 11, 1893, and proper credit at the rate of 8 per cent. interest.

On the debit side it is urged by the opponents that Mrs. Delogny

was charged interest before she drew the money.   Her merchants testify that it was subject to her order and thus they seek to justify the charge.

The advances had not been actually made, and therefore, without a settled agreement, interest was not chargeable.   The notes made and the mortgage, in so far as given for advances " to be made," were without consideration before the date of the advances.   In so far as related to these advances " to be made," it would have been impossible to collect the notes  before the advances had been actually made, and for the same reason  interest was not due.   The interest was not capitalized and could not have been capitalized before the advances had been made.   The debtor did not, as in case of the mortgage, give  her  consent to any  such capitalization, and there-fore  the interest overcharged in the last account must be deducted. In  the  last  account, dated  November 10, 1893, the  first  advance bears date March 4, of that year, and amounted to $1050.   All prior advances were included in the notes and the last mortgage.

Interest is due on that amount and each amount advanced since, from the dates of the respective advances.

On the other hand, interest was charged on the face value of the Delogny notes from  that date, March 4, 1893.   The difference, as calculated under the rule here laid down, from the amount as cal-culated on the face of the notes and as carried on the last account, is not due by the debtor and must be deducted.

As to the date, in order to establish that difference:  The notes given to cover these advances had  full consideration as to principal and interest on the day that the advances and the principal thereon amounted to twenty thousand two hundred and  ninety-nine dollars and twenty-six cents, i. e., interest on notes between the dates in-dicated must be reduced to interest on amounts from dates the amounts were respectively received (i. e., March 3, 1893), so as to include item one thousand and fifty dollars, to or about June 16, 1893.

To illustrate only, if June 16, 1893 (calculating on the account 49), the interest and amount advanced in the last account, as charged, amounted to twenty thousand two hundred and ninety-nine dollars and twenty-six cents, from that time the notes have full considera-tion (or at any date the principal and interest amounted to that sum).

As relates to the pledge, the facts are that the mortgagor bound herself to pay the bounty of the government to the creditor imme-

diately after receipt of amount "just as if the bounty had been a portion of the proceeds of the crops of the plantation." (The quotation is from the act of mortgage.) The bounty was not delivered at the time the attempt was made to pledge it as an additional security for the debt. It was collected from the government by the syndic some time after the act of mortgage had been executed. It is hardly necessary to cite authority in support of the proposition that delivery is an essential in order to secure a pledge (save in statutory pledges, not the case here). The bounty was not a portion of the proceeds of the crop; it was no part of the crop. We know of no principle of interpretation under which it is posssible to hold that the bounty was delivered as required and came within the provisions of the statutes relative to pledge as a security.

Relative to the commissions of the provisional syndic: the creditors, John H. Laws & Co., urge that this syndic can not claim commissions upon the inventoried value of the immovable property.

The provisional syndic is entitled to one per cent. on the appraised value of the goods and effects confided to his care. R. S., Sec. 193.

The property surrendered to him and for which he was responsible as provisional syndic was valued at forty-three thousand one hundred and forty-two dollars and sixty-one cents. There is no rule of law excluding the value of immovable property in fixing the amount of his commission. He is as responsible for the protection of this property as he is for that which is movable.

The amount allowed was less than one per cent. and was properly charged.

In regard to the commission of the regular syndic, it is objected that he can not charge his commission upon the proceeds of sale of mortgaged property retained by the mortgagor.

The commissions must be calculated, as it was, on the whole amount received, or disbursed. The syndic is entitled to commissions on the proceeds of the sale of mortgage property, though the amount of the mortgage was not actually received by him, having been retained by the mortgagee in discharge of his claim.

The settlement with the mortgage creditor involved as much responsibility as if the syndic had exacted payment of the amount of his bid, and afterward returned it to him in payment of his mortgage. Maxan vs. Creditors, 1 R. 560.

With reference to the claim of James H. Laws & Co. that as

mortgage creditors they are entitled to the mortgage first in rank, it is stated by counsel for Mrs. Brickell, that she is a creditor as holder of four promissory notes, secured by mortgage, recorded prior to the claim of J. H. Laws & Co.; that the judgment of the District Court recognizes her claim and ordered them to be paid *pro rata* with the claims of Laws & Co.; that the rank of these claims is correctly set forth on the account; that there is error, however, in ordering a *pro rata* payment.

The position is correct, save as to the note for four thousand dollars.

The mortgage in favor of Mrs. Brickell, securing this note, is dated January 19, 1884; it was inscribed on the 22d day of that month and never reinscribed; that is, after diligent search, we have not found evidence of reinscription in the voluminous record. More than ten years had elapsed from the date of the inscription to the insolvent's surrender of her property. The mortgage as to this amount had perempted, and the mortgagee as to third persons became an ordinary creditor from the date of the peremption. John H. Laws & Co. became, in so far as relates to that amount, prior creditors, in rank, and the mortgagee only has recourse *in concurso*, as an ordinary creditor, for the amount of this mortgage.

In consequence of this peremption, Mrs. Brickell's claim is reduced to nine thousand dollars and interest. It ranks to that amount as first mortgage, and the other mortgage creditor is second as to rank. The distribution can not, between them, be *pro rata*.

It was urged by Laws & Co. in argument that the syndic owes more interest than he has acknowledged as being due.

The syndic during the trial below admitted that interest was due upon the notes he held representing the credit portion of the purchase price.

Under the terms of the judgment of the District Court he will have to account for that interest without the necessity of amending the judgment.

They also object to the item charged:

" Newspaper publication included in auctioneer's."

This item was not opposed in the lower court, and is not mentioned in the answer on appeal as one that should be rejected.

The appellees, John H. Laws & Co., object to the payment of the following in the manner proposed, that is, that two hundred and nineteen dollars and twenty cents be paid to the auctioneers.

The following agreement in regard to this claim was entered of record during the trial:

." Macon, Denis and Kernaghan, six hundred and two dollars and five cents, and one hundred and fifty–nine dollars and twenty cents are not opposed, but it is agreed that out of that sum the amount of two hundred and nineteen dollars and twenty cents shall be paid to J. H. Laws & Co.; they having paid the amount to Mr. Macon."

It devolves upon the syndic to carry out this agreement and pay the amount to the respective creditors and no amendment is needed to that end.

It is therefore ordered, adjudged and decreed that the judgment appealed from be amended by reducing the amount allowed Mrs. W. E. Brickell from thirteen thousand dollars to nine thousand dollars, with interest thereon as stated in the account; that the claim of John H. Laws & Co. be reduced by deducting from it the sum of seven hundred and seven dollars and thirty-three cents and interest thereon at eight per cent. since November, 1893, and by deducting the difference in interest on the account (49) from and including the item of one thousand and fifty dollars to items or item of date amounting in principal and interest to twenty thousand two hundred and ninty-nine dollars and twenty-six cents on March 4, 1892, at eight per cent. per annum and *from* the interest as calculated on the creditor's last account after these deductions, the remainder is secured as to its payment by mortgage second in rank.

It is further ordered, adjudged and decreed that the account be further amended by striking therefrom the pledge allowed to John H. Laws & Co. of the bounty granted by the government, and their demand as alleged pledgees of that amount is rejected; the said amount of bounty and the amount set aside to pay the mortgage not reinscribed are ordered to be distributed as an asset of the insolvency without reference to any alleged pledge and without reference to the four thousand dollars mortgage perempted.

The judgment appealed from is further amended by striking therefrom that portion of the decree ordering a *pro rata* payment to Mrs. Brickell and John H. Laws & Co.

After payment of privileges and mortgaged recognized, the remainder is to be distributed *pro rata* among the creditors whose claims are not secured by privilege or mortgage.

After these amendments the judgment appealed from is affirmed at appellee's costs.