(100 South. 64)

No. 26143.

## CONTINENTAL SUPPLY CO. v. FISHER OIL CO.

(March 24, 1924. Rehearing Denied by Division C May 5, 1924.)

*(Syllabus by Editorial Staff.)*

1. **Action** ⊚⇒70—**Plea of prescription and prayer for dismissal held to waive abandonment of suit for want of prosecution.**

Where judgment on note was taken in solido against defendant as maker and against the indorser, although no preliminary default had been entered against maker, defendant, by plea of prescription of four and five years and prayer for dismissal filed because of necessity of preventing entry of preliminary default to be followed by judgment, and being in effect an answer, waived right to claim abandonment of suit for want of prosecution for five years under Civ. Code, art. 3519.

2. **Limitation of actions** ⊚⇒126—**Prescription; legal citation of one solidary debtor interrupts prescription as to all during pendency of suit.**

Legal citation of one of several solidary debtors interrupts prescription as to all during pendency of suit, in view of Civ. Code, arts. 3518, 3551, 3552.

3. **Action** ⊚⇒70—**Demand in reconvention by plaintiff in answer to demand in nullity held reinstitution of suit as against claim of abandonment.**

Where defendant in suit on note filed demand in nullity to judgment in solido against defendant and indorser, demand in reconvention by plaintiff in answer to demand in nullity *held* reinstatement and reinstitution of suit against defendant and constituted prosecution of suit as against claim of abandonment.

Appeal from Twelfth Judicial District Court, Parish of De Soto; John H. Boone, Judge.

Action by the Continental Supply Company against the Fisher Oil Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Modisette & Adams, of Jennings, for appellant.

Lee & Bell, of Mansfield, and J. S. Atkinson, of Shreveport, for appellee.

By Division A, composed of O'NIELL, C. J., and ROGERS and BRUNOT, JJ.

ROGERS, J. The history of this litigation is as follows:

On June 27, 1916, plaintiff sued the Fisher Oil Company, as maker, and G. B. Zigler, as indorser, on a certain promissory note for $11,682.25, with interest and attorney's fees. Zigler answered. His codefendant did not.

The case was tried, and on April 12, 1917, the district court gave judgment against both defendants in solido, notwithstanding no preliminary default had been entered against the Fisher Oil Company.

On April 25, 1917, defendant Zigler appealed devolutively to this court.

On November 30, 1919, the Fisher Oil Company answered the appeal, praying to have the judgment against it annulled. Appearer not having appealed from the original judgment, this court found itself powerless to grant the relief prayed for, and, accordingly, affirmed the judgment. See 150 La. 890, 91 South. 287. The opinion and decree was filed in the district court on March 25, 1922.

The Fisher Oil Company, on May 24, 1922, filed a motion, styling it a "plea of estoppel," in the court below, in which it set forth that the note sued on was extinguished by the prescriptions of four and five years, and that the suit had been abandoned and was barred by the prescription of five years, during which period no action therein had been taken as against mover. The prayer was that the plea of prescription be sustained, and that the judgment in so far as it pretended to be "against your respondent be annulled and declared absolutely void, and plaintiff's demands as to respondent be rejected and its suit dismissed at its cost."

On June 20, 1922, the same pleader filed another motion, styled a "Demand in Nullity," in which the nullity of the judgment

against it was alleged, because rendered without issue joined by a preliminary default, and further averring that the suit had abated and become barred by the prescription of five years for want of prosecution.

In opposition to these pleadings by the Fisher Oil Company, plaintiff on November 27, 1922, interposed a plea, denominated as an "Exception to the Jurisdiction, Plea of Estoppel, Res Adjudicata, and Motion to Strike Out." In this plea, plaintiff alleged want of jurisdiction because of the appearance by the Fisher Oil Company in this court by its answer to the appeal of its codefendant, holding said appearance to be an acquiescence in said appeal, and as divesting the district court of jurisdiction in the cause; that the demand in nullity as made was unauthorized by law, the correct procedure being a direct action to annul against all parties to the original suit; that the judgment of April 12, 1917, affirmed on appeal, was res judicata, and could only be annulled, if at all, by a direct action in nullity. The plea was overruled on December 12, 1922.

On February 19, 1923, plaintiff answered the demand in nullity, averring that by its plea of prescription of four and five years the Fisher Oil Company had waived its right to claim the abandonment of the suit against it for want of prosecution for five years. By way of reconvention, plaintiff prayed for judgment against said oil company for the amount of the note, interest, attorney's fees, and protest fees, declared on in the original suit.

On June 20, 1922, the Fisher Oil Company filed a "Plea of Prescription and Abandonment" to plaintiff's answer and reconventional demand, in which it again urged the pleas of prescription and abandonment under the provisions of article 3519 of the Civil Code.

On the issues as thus made up, judgment was rendered in favor of plaintiffs as prayed for in its said reconventional demand. The Fisher Oil Company appealed from the judgment.

In its so-called "Plea of Estoppel," filed May 24, 1922, the Fisher Oil Company alleges that the "note sued on as well as the cause of action" has been prescribed by the prescription of four and five years under the laws of Texas and Louisiana, and the prayer is for the maintenance of the plea of prescription, the nullity of the judgment, and the dismissal of plaintiff's suit.

In its so-called "Demand in Nullity," filed on June 20, 1922, said company prayed for the dismissal of plaintiff's suit on the ground that the action had abated and become barred for want of prosecution by the prescription of five years.

Plaintiff, on the other hand, urges that the citation of defendant in the original suit had the effect of interrupting prescription on the obligation sued on until it became merged into a valid judgment, or until the suit had been declared abandoned; that the judgment in its favor, though invalid, prevented the running of the term necessary for abandonment, which remained suspended until said judgment was set aside; that the resistance offered in this court by plaintiff to defendant's attempt to reverse the judgment was an act in prosecution of the suit; and that the plea of prescription filed by defendant more than five years after the last step of prosecution by the plaintiff constituted a waiver of any right to claim an abandonment of the suit.

[1] It is unnecessary for us to pass upon all the points of law raised by plaintiff, since we have reached the conclusion that defendant by its plea of prescription of four and five years to the note and cause of action, and its prayer for the dismissal of plaintiff's action, waived its right to claim the abandonment of the suit. The plea was filed under the stress of necessity created by plaintiff to prevent the entering of a preliminary default, to be followed by a judgment rendered on

confirmation thereof. It was, in effect, an answer to plaintiff's demands. An answer to the merits waives the objection that the suit has been abandoned for want of prosecution for five years. Geisenberger v. Cotton, 116 La. 651, 40 South. 929.

The case of Lips v. Royal Insurance Co., 149 La. 359, 89 South. 213 to which we have been referred, does not parallel the case at bar. In the cited case, the appearance by the plaintiff was unnecessary, and the answer was filed before the expiration of the five-year period, when there was nothing to waive.

[2] The prescriptions pleaded by defendant are untenable. The running of prescription was interrupted and suspended by the filing of the suit, and the service of citation on both the Fisher Oil Company and G. B. Zigler. The law is that legal citation of one of several solidary debtors interrupts prescription as to all. The interruption of prescription by a suit works a suspension of prescription as to every one affected by the interruption during the pendency of the suit. Civil Code, arts. 3518, 3551, 3552; Turner, Wilson & Co. v. McMain, 29 La. Ann. 298; Woodcock v. Baldwin, 110 La. 277, 34 South. 440; South Arkansas Lumber Co. v. Tremont Lumber Co., 146 La. 66, 83 South. 378.

The case of Britton v. Bush, 31 La. Ann. 264, does not hold to the contrary. The facts in that case were entirely different. The suit against Miss Bush was instituted more than seven years after the judgment had been rendered against her co-obligor. So that, granting that prescription was suspended as to Miss Bush up to the time of the rendition of the judgment, it began to run again from that date, and more than five years elapsed before she was again sued on the obligation. The real issue involved in the case arose from the attempt of the plaintiff to substitute the prescription applicable to judgments for the prescription applicable to promissory notes. The contention was there made that a judgment constitutes a perpetual acknowledgment on the part of the judgment debtor, and therefore the acknowledgment of the debtor interrupted prescription as to his solidary debtors. The court held against the contention in the following language:

"The fallacy is exposed by saying that if the premise was true there would be no prescription of judgments."

The court also declined to accede to the proposition that the rendition of the judgment against one of the solidary obligors from the nature of things created a common term of prescription for all.

[3] The original suit herein was not disposed of by this court until March 20, 1922, and plaintiff's suit was, in effect, reinstated and reinstituted against the Fisher Oil Company by its demand in reconvention incorporated in its answer, filed on February 19, 1923, to the demand in nullity instituted by said oil company.

We see no error in the judgment appealed from.

Judgment affirmed.

Rehearing refused by Division C, composed of OVERTON, ST. PAUL, and THOMPSON, JJ.