BAILES, Judge.
This is an appeal from the judgment of the district court dismissing the plaintiff’s suit for lack of prosecution, under the provisions of LSA-C.C.P. Article 561.
The plaintiff filed a suit in tort against the defendants arising out of an accident which allegedly occurred in East Baton Rouge Parish. This suit was filed on May 13, 1960. The defendants filed their answer to plaintiff’s petition on May 31, 1960. As reflected by the record before us, the first entry in the minutes of the court was on Tuesday, September 13, I960, which shows that the case was assigned for trial on December 13, 1960. The next minute entry is dated Wednesday, December 8, 1965, noting that the case was assigned for trial on Thursday, April 28,1966. On December 10, 1965, a motion for rule to show cause was filed by defendants wherein they sought and obtained from the district court a rule directed to the plaintiff to show cause why judgment should not be *748 entered herein dismissing her suit at her costs for failure to prosecute, under the provisions of Article 561 of the Code of Civil Procedure of this state. After hearing this rule to show cause, the trial judge rendered judgment dismissing plaintiff’s suit at her costs.
In support of her position, plaintiff argues that in order to dismiss the plaintiff’s suit for five years lack of prosecution the records should conclusively show that no step was taken in its prosecution for five years.
Plaintiff further argues that as the case was fixed for trial on December 13, 1960, it is this date which should be used for the commencement of the toll of five years. Her counsel argues it would logically be concluded that the five year period began to run on December 13, 1960 which was the date “at which the parties were looking forward to trying the case in the absence of some showing that the matter was continued prior to December 13, 1960 at the instance of the court or counsel for plaintiff or defendant.”
We find no merit to plaintiff’s argument. The plain provisions of LSA-C.C.P. Article 561 must control. This article provides:
“An action is abandoned when the parties fail to take any steps in its prosecution or defense in the trial court for a period of five years. This provision shall be operative without formal order, but on ex parte motion of any party or other interested person, the trial court shall enter a formal order or dismissal as of the date of its abandonment.
“An appeal is abandoned when the parties fail to take any step in its prosecution or disposition for a period of five years; and the appellate court shall dismiss the appeal summarily.”
The fixing of the case for trial was an active step in the prosecution of the case, under the authority of Schutzman v. Dob-rowolski (1939) 191 La. 791, 186 So. 338. As shown by the minutes of the court, September 13, 1960 was the last date on which any action was taken in the prosecution of the case for a period of time in excess of five years.
Our interpretation of the record herein is that the minutes of the court show conclusively that no steps were taken in the prosecution during a period of time in excess of five years.
Accordingly, the judgment of the trial court is affirmed, at appellant’s costs.
Affirmed.