REDMANN, Judge
(dissenting).
The five-year period of C.C.P. 561 does not begin to run as long as plaintiff’s failure to prosecute is caused by circumstances beyond his control, Barton v. Burbank, 1916, 138 La. 997, 71 So. 134, 135, “the idea of the statute being merely to hold a plaintiff responsible for delay attributable to his nonaction . . ..” This idea is identified in Melancon v. Continental Cas. Co., La.1975, 307 So.2d 308, 311, as the “well-established rule of prescription [that] prescription does not run against one who is unable to interrupt it . . ..” This rule applies because one who has filed a motion to fix for trial (especially for jury trial, since jury trials are not scheduled as easily as judge trials) is not reasonably'able to take any other record step in prosecuting his case for the few days necessary for the judge to act on that motion. This position is admittedly inconsistent with Loftus v. Grain Dealers Mut. Ins. Co., La.App. 1st Cir. 1967, 195 So.2d 747, writ refused 250 La. 737, 199 So.2d 80, where the trial judge on September 13, 1960 had set the case for trial for December 13, 1960 (between which dates it was, as a practical matter, impossible for plaintiff to take any other step) yet plaintiff’s next action, on December 8, 1967, was held to be too late to avoid dismissal for five years’ inaction. We should hold that the statutory five-year period has not passed because — for at least the first four or six judicial days following the November 26 or 28, 1969 motion to fix for jury trial and until Friday, December 5, 1969 — as a practical matter it was impossible for plaintiff to take any further step. He could not reasonably have acted to “interrupt” prescription during those few judicial days and therefore, by Melancon’s reasoning, the five-year prescription could not have been running against him. Prescription therefore did not accrue prior to December 5, 1974 at which time plaintiff filed another motion to fix.