**DESIGNATED FOR PUBLICATION**

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2020 CA 0717



BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS
SERVICING LP

VERSUS

MARCUS L. LOUIS and WANDA L. LOUIS

Judgment rendered: __MAY 1 3 2021__

* * * * *

On Appeal from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
No. C608468, Div. / Sec. 21/D

The Honorable Janice Clark, Judge Presiding

* * * * *

Avery A. Simmons
Charlotte, North Carolina
and
Melissa S. Gutierrez
Houston, Texas
and
Marc James Ayers, *pro hac vice*
Birmingham, Alabama

Attorneys for Plaintiff/Appellant
Nationstar Mortgage, LLC

Garth J. Ridge
Jonathan B. Holloway
Baton Rouge, Louisiana

Attorneys for Defendants/Appellees
Marcus L. Louis and Wanda L. Louis

Benjamin D. Beychok
Baton Rouge, Louisiana

Attorney for Defendant/Appellee
Doug Welborn, Clerk of Court, East
Baton Rouge Parish

* * * * *

**BEFORE: McDONALD, HOLDRIDGE, AND PENZATO, JJ.**

McDonald, J. Concurs

**HOLDRIDGE, J.**

The plaintiff, Nationstar Mortgage, LLC (Nationstar), appeals the trial court's denial of its motion to set aside a judgment of dismissal. After review, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

On January 19, 2012, BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing LP (BAC) filed a suit on promissory note and to enforce a mortgage against the defendants, Marcus L. Louis and Wanda L. Louis. The defendants were the payors of a promissory note, dated September 15, 2006, in the principal amount of $69,750.00 together with 6.875% per annum interest in favor of H&R Block Mortgage Corporation. The promissory note was secured by an accompanying mortgage on immovable property defendants owned in Baton Rouge, Louisiana. In May 2010, the defendants transferred ownership of the immovable property to MWSL Enterprises, LLC.[1] On March 29, 2012, the defendants answered the petition, denying all claims and asserting several affirmative defenses.

On February 26, 2013, BAC filed a motion for summary judgment alleging that the defendants failed to plead any facts refuting the amount due on the note and mortgage. On March 20, 2013, the defendants filed a motion to continue the summary judgment hearing. On July 23, 2014, the trial court signed an order substituting Nationstar as the plaintiff.

On July 9, 2015, the plaintiff filed a "Petition for Reinstatement of Mortgage," which added Doug Welborn, Clerk of Court for the Parish of East Baton Rouge, and MWSL Enterprises, LLC as additional defendants. The petition alleged that on or about June 23, 2010, the Louises tendered to BAC a check in the

---

[1] On July 1, 2011, BAC merged with and into Bank of America, N.A. (BANA), and BANA serviced the loan. On or about April 1, 2013, BANA transferred service of the loan to Nationstar.

2

amount of $68,000.00 to pay off the promissory note. On or about July 6, 2010, the check was returned to BANA unpaid due to being drawn from an account that did not exist. On or about July 14, 2010, BANA updated its business records to reflect that the mortgage should not be cancelled because the payoff of the loan was reversed due to the check being drawn on a non-existent account. BANA then reinstated the loan on its business records. Due to receipt of the check, BANA "stamped the original Note as 'paid in full' and returned the original Note to Wanda Louis." Thereafter, MWSL Enterprises, LLC submitted a request to cancel the mortgage in East Baton Rouge Parish. The Deputy Clerk of Court for East Baton Rouge Parish executed and recorded the cancellation on August 19, 2010. After realizing the mortgage was improperly cancelled, BANA re-recorded the mortgage on December 8, 2011. Based on these alleged facts, the plaintiff argued that it was entitled to have the mortgage reinstated from the effective date of the first inscription.

On November 2, 2015, the plaintiff filed a "Rule to Show Cause for Petition for Reinstatement of Mortgage" requesting a hearing on the petition. Almost four years later, on June 21, 2019, the Louises filed a "Motion to Dismiss Case as Abandoned" in accordance with La. C.C.P. art. 561. The Louises argued that the case was abandoned because no step in the prosecution had been taken since February 26, 2013 when BAC filed its motion for summary judgment. The Louises further argued that the "Petition for Reinstatement of Mortgage" filed by the plaintiff in July 2015 did not include a motion for leave of court in accordance with La. C.C.P. art. 1151 and therefore it had no effect.[2] Thus, the Louises argued that any subsequent filings relating to that petition were ineffective.

---

[2] Under La. C.C.P. art. 1151, a petition may be amended after an answer has been filed "by leave of court." **Barringer v. Robertson**, 2015-0698 (La. App. 1 Cir. 12/2/15), 216 So.3d 919, 927, writ denied, 2016-0010 (La. 2/26/16), 187 So.3d 1004. The record reveals that the plaintiff did not obtain leave of court before filing the petition in July 2015. Even if we accept the July 2015

3

On June 26, 2019, the trial court signed an order granting the Louises' *ex parte* motion to dismiss the plaintiff's case as abandoned.[3] Thereafter, the plaintiff filed a "Motion to Set Aside Dismissal Order," which stated that it had not abandoned the case against the Louises because "[the plaintiff] ha[d] actively pursued this foreclosure via the Reinstatement Case." On January 13, 2020, the trial court held a hearing on the motion, wherein it denied the plaintiff's motion. The trial court signed a judgment on May 12, 2020 in accordance with its oral ruling. Thereafter, the plaintiff appealed.

## APPLICABLE LAW

Louisiana Code of Civil Procedure article 561 governs abandonment of cases, providing, in pertinent part:

A. (1) An action, except as provided in Subparagraph (2) of this Paragraph, is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years[.]

*** 

(3) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been timely taken in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. The sheriff shall serve the order in the manner provided in Article 1314, and shall execute a return pursuant to Article 1292.

(4) A motion to set aside a dismissal may be made only within thirty days of the date of the sheriff's service of the order of dismissal. If the trial court denies a timely motion to set aside the dismissal, the clerk of court shall give notice of the order of denial pursuant to Article 1913(A) and shall file a certificate pursuant to Article 1913(D).

(5) An appeal of an order of dismissal may be taken only within sixty days of the date of the sheriff's service of the order of

---

petition as a step in the prosecution, the jurisprudence indicates that the plaintiff's claim is abandoned under La. C.C.P. art. 561. Thus, we pretermit discussion of this issue.

[3] We note that the June 26, 2019 order that dismissed the plaintiff's case as abandoned is presumed to be without prejudice. When a judgment is silent as to whether it is being dismissed with or without prejudice, the dismissal must be without prejudice. **Quality Environmental Processes, Inc. v. IP Petroleum Co., Inc.**, 2016-0230 (La. App. 1 Cir. 4/12/17), 219 So.3d 349, 379, writ denied, 2017-00915 (La. 10/9/17), 227 So.3d 833.

4

dismissal. An appeal of an order of denial may be taken only within sixty days of the date of the clerk's mailing of the order of denial.

\*\*\*

B. Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action.

Louisiana Code of Civil Procedure article 561 provides the procedure for a judgment dismissing an action on the basis of abandonment. See **McNealy v. Englade**, 2019-0573 (La. App. 1 Cir. 2/21/20), 298 So.3d 182, 185-86. Louisiana Code of Civil Procedure article 561 imposes three requirements on a plaintiff to avoid having a case dismissed due to abandonment. First, the plaintiff must take a "step" towards prosecution of his lawsuit. **Id**. at 186. A "step" is defined as taking formal action before the court that is intended to hasten the suit toward judgment. **Id**. at 186. Second, the step must be taken in the proceeding and, with the exception of formal discovery, must appear in the record of the suit. **Id**. at 186. Third, the step must be taken within the three-year period prescribed by La. C.C.P. art. 561. **Id**. at 186. When the parties take no steps in the prosecution or defense of their claims during the period set forth in La. C.C.P. art. 561, "the logical inference is that the party intends to abandon the claim and the law gives effect to this inference." **Id**. at 186-87.

Whether a step in the prosecution or defense of a case was taken in the trial court within a period of three years is a question of fact subject to a manifest error review on appeal. **Wilkerson v. Buras**, 2013-1328 (La. App. 1 Cir. 8/12/14), 152 So.3d 969, 974. On the other hand, whether a particular act, if proven, qualifies as a step in furtherance of the action and thereby precludes abandonment is a question of law that we review by simply determining whether the trial court's interpretative decision is correct. **Id**., citing **Hinds v. Global International Marine, Inc.**, 2010-1452 (La. App. 1 Cir. 2/11/11), 57 So.3d 1181, 1183.

5

## DISCUSSION

On appeal, the plaintiff argues that the trial court erred in denying its "Motion to Set Aside Dismissal Order" under La. C.C.P. art. 561 because "Louisiana law is clear that the presumption of abandonment that arises under [La. C.C.P. art.] 561 after three years of litigation inactivity is 'not conclusive.'" However, if three years have passed without any activity, the burden is then upon the plaintiff to show that the three requirements under La. C.C.P. art. 561 have been met to avoid abandonment. See **Hancock Bank of Louisiana v. Robinson**, 2020-0791 (La. App. 1 Cir. 3/11/21), ____So.3d____, ____, 2021 WL 925813, at *2-3. It is undisputed that the provisions for abandonment of an action become operative without a formal order. La. C.C.P. art. 561(A)(3). It occurs automatically on the passing of three years without a step being taken by either party, and it is effective without a court order. **McNealy**, 298 So.3d at 186.

On the *ex parte* motion to dismiss on the basis of abandonment of any party or other interested person, with an affidavit,[4] "the trial court **shall** enter a formal order of dismissal as of the date of its abandonment." La. C.C.P. art. 561(A)(3). (Emphasis added.) Suits dismissed for want of prosecution do not decide any issues in controversy, do not form the basis of res judicata, and are therefore presumptively to be dismissed without prejudice. **Countrywide Home Loans, Inc., v. Estate of Rowe**, 51,489 (La. App. 2 Cir. 6/21/17), 224 So.3d 1152, 1160. In this case, the trial court signed an order on June 26, 2019, dismissing the matter as "abandoned pursuant to Louisiana Code of Civil Procedure article 561." On July 17, 2019, the plaintiff fax-filed "Plaintiff's Motion to Set Aside Dismissal Order." The plaintiff's motion to set aside the dismissal was timely filed within

---

[4] The Louises submitted with their motion and order an affidavit of their counsel of record attesting that no step in the prosecution or defense of the action had taken place during the three-year abandonment period.

6

thirty days of the date of the sheriff's service of the order of dismissal in accordance with La. C.C.P. art. 561(A)(4). The plaintiff filed a memorandum and various exhibits in connection with its motion.

On January 13, 2020, the trial court heard the plaintiff's motion. The hearing on the motion to set aside dismissal is a contradictory hearing wherein the plaintiff must produce evidence as to why the order of dismissal should not be set aside.[5] See **Hancock Bank**, 2021 WL 925813, at *2 (unpublished); **Woodward v. Lumbermens Mut. Cas. Co.**, 2000-0399 (La. App. 1 Cir. 3/28/01), 808 So.2d 554, 555-56. In this case, the plaintiff failed to introduce any exhibits or documents into evidence at the hearing. Even though the plaintiff argued that another suit had been filed and discovery was conducted, no evidence of such action was introduced at the hearing. Evidence attached to a memorandum is not evidence that can be considered by the appellate court unless it is formally introduced at the hearing on the motion to set aside the dismissal. See **Jackson v. United Services Auto. Ass'n Cas. Ins. Co.**, 2008-333 (La. App. 5 Cir. 10/28/08), 1 So.3d 512, 515. The trial court and the appellate court cannot consider evidence if it is not admitted at the contradictory hearing, even though the plaintiff's argument included references to other actions. See **Clark v. State Farm Mutual Automobile Ins. Co.**, 2000-3010 (La. 5/15/01), 785 So.2d 779, 784.

Further, from our review of the record, it is clear that there was never an executory process suit filed in this case to initiate a foreclosure proceeding. The original petition filed by BAC was an ordinary proceeding titled "Suit on Promissory Note and to Enforce Mortgage." In its petition, BAC only requested that a judgment be rendered for the amount owed on the promissory note, plus

---

[5] Louisiana Code of Civil Procedure article 963 provides, in pertinent part, "[i]f the order applied for by written motion is one to which the mover is not clearly entitled, or which requires supporting proof, the motion shall be served on and tried contradictorily with the adverse party. The rule to show cause is a contradictory motion."

7

additional charges and attorney's fees, and for recognition of the mortgage. There was not a request for the trial court to issue an order of seizure and sale in accordance with La. C.C.P. art. 2638[6] nor were any of the exhibits necessary for an executory proceeding attached to BAC's petition.[7]

The plaintiff relies upon **Nationstar Mortgage, LLC v. Harris**, 2013-1335 (La. App. 4 Cir. 5/14/14), 141 So. 3d 829, 837, for the proposition that a "step" in a separately filed title clearing action could be considered a "step" in a foreclosure action. However, **Nationstar Mortgage** is distinguishable from the present case, which is an ordinary process suit to obtain a money judgment against the defendants, rather than an executory process suit (a foreclosure suit).

The plaintiff's argument in the present case that it has taken steps in another action to bring a "foreclosure suit" has no merit. The plaintiff is barred from using executory process, herein, since the mortgage in question is not an authentic act; the plaintiff chose to begin its suit by ordinary process; and an ordinary proceeding may not subsequently be converted into an executory proceeding or foreclosure suit. La. C.C. art. 2644. Additionally, "steps" taken in another ordinary action do not interrupt the time period for abandonment under La. C.C.P. art. 561. See **Sutton v. Adams**, 2019-0394 (La. App. 4 Cir. 5/29/19), 273 So.3d 1276, 1278-79 (The plaintiff's opposition to motion for sanctions filed in the record of defamation case but related to another action pending before a different division did not move the defamation case forward or defend the matter, and thus was not a step in the prosecution or defense sufficient to interrupt the period for abandonment); **Hardy**

---

[6] Louisiana Code of Civil Procedure article 2638 provides "[i]f the plaintiff is entitled thereto, the court shall order the issuance of a writ of seizure and sale commanding the sheriff to seize and sell the property affected by the mortgage or privilege, as prayed for and according to law."

[7] We note that it appears that the plaintiff is not able to use the foreclosure procedure (executory process) established by the Louisiana Code of Civil Procedure since the mortgage in question was not an authentic act executed before a notary and two witnesses. See La. C.C. art. 1833, La. C.C.P. arts. 2635-2636. Therefore, the plaintiff's only remedy would be to obtain a money judgment and have the property seized under a writ of fieri facias once the judgment becomes executory. See La. C.C.P. arts. 2252, 2291.

8

**v. A. Wilbert's Sons, L.L.C.**, 2006-1093 (La. App. 1 Cir. 9/19/07), 970 So.2d 1063, 1066, (signing of the case management order by the trial court in another division did not interrupt the running of the time period for abandonment as to the instant lawsuit); and **Sassau v. Louisiana Workover Service, Inc.**, 607 So.2d 809, 812 (La. App. 1 Cir. 1992), writ denied, 609 So.2d 259 (La. 1992), (formal action taken in a separate bankruptcy proceeding involving one of the defendants does not prevent abandonment of the action against other defendants in a state court action).

The record reveals that the last pleading filed in the record was a "Rule to Show Cause for Petition for Reinstatement of Mortgage" filed on November 2, 2015, which the trial court set a hearing date for January 4, 2016.[8] Since nothing was filed after the "Rule to Show Cause for Petition for Reinstatement of Mortgage" until the "Motion to Dismiss Case as Abandoned," which was filed on June 21, 2019, this case was abandoned by operation of law as mandated by La. C.C.P. art. 561. Since no evidence was introduced into the record by the plaintiff to show that a step in the prosecution was taken within the three-year abandonment period under La. C.C.P. art. 561, we find that the trial court properly dismissed the plaintiff's claim as abandoned.

We note that the June 26, 2019 judgment dismissed the plaintiff's claim without prejudice. Louisiana Code of Civil Procedure article 1673 states, in pertinent part, that "[a] judgment of dismissal without prejudice shall not constitute a bar to another suit on the same cause of action." The Official Revision Comment for article 1673 notes that "[a] case dismissed without prejudice can be reinstituted; the judgment is neither final nor definitive." See La. C.C.P. art. 1673, comment 1960. Thus, the trial court's ruling in this case does not preclude the plaintiff from refiling a suit on promissory note against the Louises if the plaintiff's action for a

---

[8] We pretermit discussion of whether the abandonment period is continuously interrupted until the trial date. See **Hilbert v. Miley**, 2012-2108 (La. App. 1 Cir. 11/14/13), 136 So.3d 847, 849-50 and **Loftus v. Grain Dealers Mut. Ins. Co.**, 195 So.2d 747, 748 (La. App. 1 Cir. 1967).

9

judgment on the amount owed on the promissory note is not expired, prescribed, or perempted. See La. C.C. art. 3498, **Hancock Bank**, 2021 WL 925813, at *2-3 (unpublished); see also **NorthShore Regional Medical Center, L.L.C. v. Dill**, 2011-2271 (La. App. 1 Cir. 6/8/12), 94 So.3d 155, 165 n.7, writ denied, 2012-1494 (La. 10/8/12), 98 So.3d 862.

Accordingly, we find no error in the trial court's June 26, 2019 judgment granting the *ex parte* motion and dismissing the plaintiff's case as abandoned in accordance with La. C.C.P. art. 561. Therefore, the plaintiff's claim against the Louises are dismissed without prejudice. See **Wells v. Banks**, 2018-1612 (La. App. 1 Cir. 6/3/19), ____ So.3d ____, ____, 2019 WL 2335860, at *2.

## CONCLUSION

For the foregoing reasons, we find that the trial court did not err in granting the Louises "Motion to Dismiss Case as Abandoned" and in denying Nationstar's "Motion to Set Aside Dismissal Order." Therefore, we affirm the May 12, 2020 judgment of the trial court. All costs of this appeal are assessed to the plaintiff, Nationstar Mortgage, LLC.

**AFFIRMED.**